■ JAN SERAFIN et al., Appellants, v STRATA LAND DEVELOPERS, INC., et al., Defendants and Third-Party and Second Third-Party Plaintiffs-Respondents. CRICKET CLUB DEVELOPMENT CORPORATION, Third-Party Defendant-Appellant; RICHMOND HILL SAVINGS BANK, Second Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, etc., third-party defendant Cricket Club Development Corporation and second third-party defendant Richmond Hill Savings Bank appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered September 22, 1982, as denied their motion and cross motion, respectively, for summary judgment and for related relief. Plaintiffs purportedly cross-appeal from so much of the same order as granted defendant Belector's cross motion for leave to serve an amended answer. Plaintiffs have apparently

abandoned their cross appeal. Order affirmed, insofar as appealed from by the third-party and second third-party defendants, with costs payable jointly by them to the respondents. Third-party defendant, Cricket Club Development Corporation, based its motion for summary judgment on the indemnification clauses in the contract between it and Strata Land Developers, Inc. Second third-party defendant, Richmond Hill Savings Bank, based its cross motion for summary judgment on its claim that it is a joint-venturer with Cricket Club Development Corporation, and, therefore, may benefit from the indemnification clauses in the contract between its cojoint venturer Cricket Club Development Corporation and Strata Land Developers, Inc. The existence of triable issues of fact regarding, *inter alia*, the applicability of the indemnification clauses to the work performed by Peter Belector that allegedly caused the accident, the enforceability of these clauses as regards proscriptions by public policy provisions (see General Obligations Law, § 5-322.1; *Quevedo v City of New York*, 56 NY2d 150, 155-157), the existence of a joint venture entered into by Cricket Club Development Corporation and Richmond Hill Savings Bank and the characterization of Belector as a special employee of Cricket Club Development Corporation or as an employee of Strata Land Developers, Inc., preclude the granting of summary judgment in this action (see *Ugarriza v Schmieder*, 46 NY2d 471). Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.