■ MARGARET WALSH, as Executrix of DANIEL E. WALSH, Deceased, Respondent, v 175 WATER STREET PARTNERS et al., Respondents and Third-Party Plaintiffs-Respondents. AMERICAN STEEL ERECTORS, INC., Third-Party Defendant-Appellant. MARGARET WALSH, as Executrix of DANIEL E. WALSH, Deceased, Respondent, v 175 WATER STREET PARTNERS et al., Appellants and Third-Party Plaintiffs-Appellants. AMERICAN STEEL ERECTORS, INC., Third-Party Defendant-Appellant. — Order of the Supreme Court, New York County (George Bundy Smith, J.), entered March 16, 1984, granting the cross motion of defendants and third-party plaintiffs for judgment over as against third-party defendant, affirmed, without costs.

Order of the Supreme Court, New York County (Nicholas Clemente, J.), entered July 3, 1984, setting aside the jury verdict and ordering a new trial on the issue of damages unless defendants stipulated to increase the jury award in favor of plaintiff to the sum of $1,250,000, reversed, on the law, the facts and in the exercise of discretion, and the verdict of the jury reinstated, without costs.

In this death action brought by the executrix of a construction worker killed in a job-related accident, Special Term granted plaintiff's motion for summary judgment against the subcontractor and employer of the deceased, and set the matter down for an assessment of damages. Inasmuch as decedent's death was occasioned by a fall resulting from the breaking of defective planking supplied by the third-party defendant, we agree with Special Term that General Obligations Law § 5-322.1 furnished no defense to defendants' cross motion for indemnification.

At the assessment, the jury rendered a general verdict in favor of plaintiff in the sum of $953,000. Plaintiff thereupon moved to set aside the verdict as inadequate. The assessment court granted the motion unless defendants stipulated to increase the verdict to $1,250,000. In its memorandum it endeavored to pick apart the elements of damages and concluded that the jury had limited its award to $100,000 for parental guidance lost to the deceased's two children, one 2½ years old at the time of his death and the other still unborn. This he thought so inadequate "as to shock the conscience". We do not agree.

On the basis of the record before us we conclude that the jury's evaluation of the damages was a reasonable one. Accordingly, we order that the verdict as rendered by the jury be reinstated. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.