■ EDWARD J. LOWE, JR., an Infant, by EDWARD J. LOWE, His Father, et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff, and NEW YORK PUBLIC LIBRARY, Third-Party Defendant and Fourth-Party Plaintiff-Appellant. ALLIED MAINTENANCE CORP., Fourth-Party Defendant-Respondent. ■

Plaintiff, Edward Joseph Lowe, Jr., was injured at premises owned by the New York Public Library (library) when he fell on a broken bottle in the backyard area. Suit was brought against the City of New York, which impleaded the library. The library,

in turn, commenced a fourth-party action against Allied Maintenance Corporation (Allied), its sanitation contractor, based upon a contractual provision requiring Allied to obtain insurance certificates containing a provision agreeing to indemnify it "from and against all liability, claims and demands on account of injury to persons * * * arising out of or in any manner connected with the performance of th[e] contract" and requiring it "at his or its expense, [to] defend any and all actions at law brought against * * * [the library] and * * * pay all attorney fees and all other expenses". A supplemental summons and amended complaint have since been served, bringing in the library and Allied as defendants.

The library sought a judgment on the fourth-party action declaring that Allied must defend and indemnify it in the underlying action. Special Term denied the motion as premature. We now affirm, although not for the reasons expressed at nisi prius.

The terms required to be inserted in the insurance certificates are broad enough, as a matter of plain meaning, to obligate Allied to provide the library with a defense in the underlying personal injury action and to indemnify it for any recovery obtained (*see, e.g., L. B. Smith, Inc. v Bradley & Williams,* 58 NY2d 672; *Hogeland v Sibley, Lindsay & Curr* Co., 42 NY2d 153; *Margolin v New York Life Ins. Co.,* 32 NY2d 149). Moreover, at the time of the execution of the contract, the governing provisions of General Obligations Law § 5-322.1, which control here, precluded indemnity only against liability incurred as a result of the sole negligence of the indemnitee (L 1975, ch 408, § 1; *Quevedo v City of New York,* 56 NY2d 150). Consequently, the clause would not be violative of public policy (*see, Hogeland v Sibley, Lindsay & Curr Co., supra; Margolin v New York Life Ins. Co., supra*).

The insurance certificates, however, were not submitted to Special Term. Unless such coverage has been obtained, the library would be limited to an action for damages sustained as a result of Allied's breach of its contractual obligation (*L. B. Smith, Inc. v Bradley & Williams, supra*). Accordingly, our affirmance is without prejudice to renewal of the motion at Special Term based upon the submission of the certificates of insurance required by the contract. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.