■ ROBERT DEFILIPPIS CRANE SERVICE, INC., Appellant, v JOANNCO CONTRACTING CORP., Respondent. (And Third-, Fourth- and Fifth-Party Actions.)—In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated November 13, 1985, which granted the motion of the defendant for partial summary judgment dismissing the third cause of action in the plaintiff's amended complaint pursuant to General Obligations Law § 5-322.1.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

We find, contrary to the conclusions of Special Term, that the indemnification clause contained in the contract executed by and between the plaintiff and the defendant is not void and unenforceable nor violative of General Obligations Law § 5-322.1 per se.

The foregoing statute explicitly provides that "[t]his subdivision shall not preclude a promisee requiring indemnification for damages * * * caused by or resulting from the negligence of a party other than the promisee, whether or not the promisee is partially negligent" (General Obligations Law § 5-322.1).

The loss for which the plaintiff now seeks to be indemnified resulted from damage to a crane which the plaintiff had leased to the defendant. The damage occurred during the rental period, while the defendant was in possession of and responsible for the machinery. The plaintiff, in its pleadings, had alleged that the defendant damaged the crane by overloading it and by otherwise misusing the equipment. The record further reveals that the defendant had asserted a claim against the fifth-party defendant Urban Foundation Co., Inc., the general contractor of the construction project, alleging,

*inter alia,* that this party was negligent in allowing the crane to be used for purposes for which it was not designed. It is, therefore, evident that the instant case encompasses the potential of negligence on the part of parties other than the promisee.

While the defendant may not be compelled to indemnify the plaintiff for damages resulting from any negligent acts on the part of the plaintiff *(see, Quevedo v City of New York,* 56 NY2d 150, *rearg denied* 57 NY2d 674; *Lowe v City of New York,* 110 AD2d 825; *Knaak v Kravetz,* 106 AD2d 876; *County of Onondaga v Penetryn Sys.,* 84 AD2d 934, *affd* 56 NY2d 726), the defendant should be required to honor its contractual obligations to the extent that its contract requires indemnification for damages caused by or resulting from the negligence of a party other than the promisee. On this record, material triable issues of fact exist as to which party is responsible for the damage to the crane *(see, Serafin v Strata Land Developers,* 94 AD2d 722; *see also, De Crisci v P & C Food Mkts.,* 107 AD2d 1029; *Walsh v 175 Water St. Partners,* 109 AD2d 690).

As concerns the plaintiff's challenge to the applicability of General Obligations Law § 5-322.1, on the ground that the subject contract involved the leasing of equipment rather than a construction contract, we find that since the crane was leased as an incident of defendant's subcontract, which required it to perform certain types of excavation work on a slope of land situated near the actual construction project, the clause in dispute should be viewed as "collateral to a contract or agreement relative to * * * construction" (General Obligations Law § 5-322.1), and that the plaintiff's contention in this regard is, therefore, devoid of merit.

In view of the disputed factual issues present in this case, the order granting the defendant partial summary judgment dismissing the plaintiff's third cause of action must be reversed, and the motion for partial summary judgment denied. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.