■ HOME INSURANCE COMPANY, as Subrogee of ROBERT OL-NICK CORP., Appellant, v WAUSAU INSURANCE COMPANY et al., Respondents.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered November 10, 1987, granting the motion of defendant Wausau Insurance Company and the cross motions of defendants Kornreich & Son, Inc. and Isadore Rosen & Sons, Inc. for summary judgment dismissing the complaint against them, unanimously reversed, on the law, and defendants' motion and cross motions denied, without costs.

Plaintiff subrogor, Robert Olnick Corp., was the general contractor for the construction of an apartment building at 245 East 58th Street in Manhattan. Defendant, Isadore Rosen & Sons, Inc., subcontracted to perform the masonry and spandrel waterproofing work on the project. The subcontract contained a four-part indemnification clause by which the subcontractor agreed to indemnify the contractor for liability arising from its work. One of subcontractor Rosen's employees was struck by falling bricks and injured. He then commenced a personal injury action, which was ultimately settled, in his favor, for $650,000. Plaintiff, Olnick's insurer and subrogee, commenced this action against Rosen, its insurer, Wausau, and the insurer's agent, Kornreich, for indemnification of the $50,000 contributed by Olnick to the settlement. The defendants then moved for summary judgment dismissing the complaint.

The IAS court concluded that Olnick's total freedom from fault in the underlying action is improbable inasmuch as Olnick, as the general contractor, retained some supervisory or overseeing duties at the jobsite, and that its relatively small contribution to the total settlement persuaded the court that indemnification, costs and counsel fees should not be permitted.

This represented a factual rather than a legal determination, which finding is inappropriate on motions for summary judgment, where the court's function is one of issue finding not issue determination. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)

As recognized by the court, the indemnification clause was not invalid on its face under General Obligations Law § 5-322.1 and, in settling the personal injury action, Olnick specifically preserved its right to pursue any cross claim against

Rosen for contractual indemnification, including its costs for the defense of the personal injury action.

While the personal injury action was settled, there was no admission of negligence on Olnick's part. Thus, the question of Olnick's negligence, if any, being factual in nature, summary judgment must be denied. *(DeFilippis Crane Serv. v Joannco Contr. Corp.,* 132 AD2d 517.) Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.