**32** EDWARD BENNETT et al., Plaintiffs, v BANK OF MONTREAL, Defendant and Third-Party Plaintiff, et al., Defendants. G.N. ASSOCIATES, INC., Third-Party Defendant-Respondent; FLACK & KURTZ CONSULTING ENGINEERS, Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about August 10, 1989, which granted third-party defendant G.N. Associates, Inc.'s motion for summary judgment dismissing third-party defendant Flack & Kurtz Consulting Engineers' cross claim for contractual indemnification, is unanimously reversed, on the law, and the motion denied, with costs and disbursements payable by third-party defendant G.N. Associates, Inc.

Plaintiff Bennett was injured when he fell from the roof of a cooling tower while working on the renovation of premises leased by defendant Bank of Montreal.

The defendant bank had contracted with G.N. Associates, Inc. (G.N.), the respondent, to perform design services in connection with the renovation. Thereafter, G.N. subcontracted with Flack & Kurtz Consulting Engineers (F&K), the appellant, to perform certain consulting engineering services in connection with the work undertaken by G.N. for the bank.

The main action was settled during the trial in the amount of $2,625,000, but the cross claim for contractual indemnity by F&K against G.N. remained. In the agreement, F&K and G.N. agreed that $500,000 was the proper measure of damages against them. The sole issue left to be decided was whether G.N. had to pay this amount on F&K's behalf, based on the indemnity clause contained in G.N.'s contracts with F&K. Finding that General Obligations Law § 5-322.1 applied, the IAS court dismissed F&K's cross claim for contractual indemnification.

The indemnification clause at issue herein is as follows: "The Client [G.N.] shall indemnify F&K and its principals and employees against any liability, claim or expense (including payment of attorneys fees and disbursements as incurred) in connection with actions, proceedings or claims by any person or entity for monetary losses (and, to the extent permitted by law, property damages and personal injuries) alleged to have

occurred in connection with the performance of the Services, unless the sole cause for all such losses, damage or injuries was negligence by F&K. The foregoing shall not affect any rights of F&K to contribution or indemnification from the Client."

In pertinent part, General Obligations Law § 5-322.1 (1) provides that an agreement or contract "in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building" which purports "to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable".

We do not accept F&K's contention that General Obligations Law § 5-322.1 does not apply to contracts between design professionals, since General Obligations Law § 5-324 specifically refers to such design professionals as architects and engineers and, therefore, supersedes General Obligations Law § 5-322.1.

General Obligations Law § 5-324 provides, essentially, that agreements by which an architect, engineer, surveyor or their agents seek indemnification from liability for bodily injury or property damage caused by or arising out of defects in maps, plans, designs or specifications prepared by the architect or engineer are void as against public policy. However, the two sections deal with separate circumstances. Section 5-324 refers to bodily injury or property damage caused by or arising from defects in plans, specifications and maps. Section 5-322.1 refers to property damage or bodily injury resulting from any negligence on the part of the promisee. Although circumstances in which the negligence of an architect or engineer would not involve plans or drawings are presumably rare, such situations may occur. General Obligations Law § 5-322.1 covers these situations. Agreements made between design professionals, as herein, are at the very least "collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building". Thus, the IAS court's finding that section 5-322.1 is applicable to the agreement here was correct (cf., DeFilippis Crane Serv. v Joannco Contr. Corp., 132 AD2d 517, 518).

Examination of the language in the indemnity provision shows that it generally provided for F&K to be indemnified

against "any" liability incurred in connection with "actions, proceedings or claims by any person or entity for monetary losses". However, it provides, also, for indemnification from liability for property damage and personal injury only "to the extent permitted by law". F&K relies upon this language to argue that the provision is not in violation of General Obligations Law § 5-322.1 because it seeks to indemnify itself for liability for property damage and bodily injury only "to the extent permitted by law".

That portion of the provision which purports to create a right of indemnity for "any liability" for "monetary losses" at first blush appears violative of the statute. However, General Obligations Law § 5-322.1 (and § 5-324) specifically refers to limitations of liability with respect to claims for property damage and injury to persons. The parenthetical language dealing with such property damage and personal injury appears to be severable from the language which seeks to create a contractual right of indemnification for "any liability" for "monetary losses". While the provision is not drafted in a "crystal clear" manner, it is not inherently ambiguous. Since it does grant a contractual right to indemnity for liability incurred in connection with property damage and personal injury "to the extent permitted by law", it must be construed in accordance with General Obligations Law § 5-322.1 to create a right of indemnity for F&K in this case with respect to liability incurred by it, by way of the settlement, to the extent that said liability was incurred by reason of the acts of others. The provision cannot be construed to create a right to indemnity for liability incurred by F&K by reason of its own negligence, in whole or in part *(see, Brown v Two Exch. Plaza Partners,* 146 AD2d 129, 137). Thus, to the extent that it violates the prohibitions in General Obligations Law § 5-322.1, the provision is unenforceable, but it is not rendered unenforceable in toto *(see, Patenaude v General Elec. Co.,* 147 AD2d 335, 337-338).

Since the case was settled during trial, the extent to which F&K's acts or omissions may have caused the plaintiff's injuries was undetermined. Consequently, since issues of fact were present, the IAS court should have properly denied G.N.'s motion for summary judgment. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.