■ EDWARD BENNETT et al., Plaintiffs, v BANK OF MONTREAL et al., Defendants, et al., Third-Party Plaintiff. G.N. ASSOCIATES, INC., Third-Party Defendant-Respondent; FLACK & KURTZ CONSULTING ENGINEERS, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And a Second Third-Party and Fourth-Party Actions.)—Judgment, Supreme Court,

New York County (Myriam J. Altman, J.), entered July 31, 1991, after a jury trial, in favor of plaintiffs and against third-party defendant Flack & Kurtz Consulting Engineers (F&K) in the amount of $500,000, exclusive of interest and costs, unanimously affirmed, with costs.

The limited issue on appeal is whether F&K was negligent designing the building cooling tower from which plaintiff fell. On prior appeal, we determined that General Obligations Law § 5-322.1 applied, and that the indemnity clause at issue must be interpreted as meaning, in light of the statute, that F&K was not entitled to indemnity for its own negligence in whole or part (161 AD2d 158). Ample evidence established that F&K was negligent in not designing safe access to the cooling tower, or in advising other parties to erect safety devices during construction. That the plaintiff could not recall the exact cause of his fall is not dispositive. If the fall was caused by an intervening event—a high wind, a loss of balance, a seizure, or some other event—then the jury was entitled to find that the intervening event was foreseeable, and, indeed, that the risk of such an event furnished the predicate for the imposition of a duty on F&K's part to safeguard the site *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.