■ CLARENCE VEY et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants. P. J. CARLIN CONSTRUCTION COMPANY et al., Doing Business as CARLIN-ATLAS CONSTRUCTION COMPANY, INC., Third-Party Plaintiffs, v GRAND IRON WORKS, INC., et al., Third-Party Defendants. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Fourth-Party Plaintiff-Respondent, v GRAND IRON WORKS, INC., et al., Fourth-Party Defendants-Appellants. EMPIRE CITY IRON WORKS, Fifth-Party Plaintiff, v GRAND IRON WORKS, INC., et al., Fifth-Party Defendants. — Judgment, Supreme Court, New York County, entered April 25, 1980, which, after a nonjury trial on the issue of liability among all defendants, *inter se,* adjudged fourth-party defendant Ermco Erectors, Inc. (Ermco), to be 100% liable for plaintiffs' injuries in tort and contractual indemnification, modified, on the law and the facts, to grant the cross claim of fourth-party defendant Grand Iron Works, Inc. (Grand Iron), as against Ermco, for 50% tort contribution only, and otherwise affirmed, without costs. Plaintiff Clarence Vey was seriously injured by an accidental fall at a construction site owned by the Port Authority, when he fell into an incompleted, uncovered stairwell. All defendants impleaded Grand Iron, which was engaged by Port Authority to fabricate and erect the structural steel at the site, and Ermco, to whom Grand Iron subcontracted the erection of the structural steel. it fabricated. All parties stipulated that plaintiffs were to receive $1,200,000 and that a nonjury trial would be conducted to determine the respective liability of the various defendants and to resolve the question of the apportionment of the $1,200,000 judgment. The trial court found that plaintiff's accident was caused by the joint negligence of Ermco and the Port Authority; that Ermco had a duty to erect and maintain a safety cable about the open stairwell; that its failure to do so was the proximate cause of the accident; that the Port Authority was the owner of the building under construction, was in actual charge of the construction operations, and did not furnish plaintiff with a safe place to work; and that Ermco and the Port Authority were each 50% responsible for plaintiff's injuries. These findings have support in the record and will not be disturbed. The Port Authority stipulated to waive any claim of tort contribution from Grand Iron and to rely solely upon its contractual indemnification. However, it did not waive tort contribution from Ermco. Its contract with Grand Iron contained a broad indemnification clause, specifically including acts of negligence on the part of the Port Authority "except for claims for injuries caused by or resulting from the sole negligence of the Authority", thereby avoiding the operation of section 5-322.1 of the General Obligations Law. Since plaintiff's injuries were not the result of the authority's sole negligence, its 50% liability was to be indemnified by Grand Iron. Since plaintiff was an employee of Ermco, from which he could recover only workers' compensation benefits, he could recover all of his damages from the remaining tort-feasor, the Port Authority. Consequently,

the authority was liable to the full extent of plaintiff's damages and could recover over as against Grand Iron, pursuant to the indemnification clause in their contract, as was correctly held by the trial court. However, the trial court upheld Grand Iron's cross claim against Ermco not only on a tort theory based upon the doctrine that a principal who has been held liable in tort because of the negligence of its agent is entitled to indemnification from that agent, but also, incorrectly, for full contractual indemnity based upon an erroneous incorporation of the Port Authority-Grand Iron contract into the contract between Ermco and Grand Iron. The Ermco contract does not specificially incorporate the indemnification provisions set forth in the Port Authority-Grand Iron contract. It provides, "5. You are * * * to hold us harmless and to indemnify and protect us against all damages, claims or demands arising out of the work covered by this contract in favor of, or happening to employees, the public or property" thus evidencing no intent by the parties to be bound by an indemnification arising out of a separate contract between different parties, but only against claims "arising out of the work covered by this contract." Ermco therefore is liable to Grand Iron only for contribution based upon its 50% tort liability and not for contractual indemnity. Concur — Sullivan, J. P., Markewich, Bloom, Lynch and Carro, JJ.