■ COUNTY OF ONONDAGA, Appellant, v PENETRYN SYSTEMS, INC., et al., Respondents. — Order unanimously reversed, with costs, and plaintiff's motion granted in accordance with the following memorandum: Plaintiff seeks a declaratory judgment determining that defendants are obligated to defend and indemnify it against loss resulting from a personal injury action pending against it by one Paul Szemkow. Special Term denied plaintiff's motion for summary judgment and granted judgment to defendants. In January, 1978 plaintiff executed a contract with defendant Penetryn Systems, Inc., by which Penetryn agreed to clean and inspect the sewer system of the City of Syracuse. The maintenance apparently was required of the county as a prerequisite to the county obtaining a Federal grant for its Metropolitan Sewage Treatment Plant. Szemkow, an employee of Penetryn, was injured when, entering the sewer system to do inspection work pursuant to the contract, a rung on the ladder he was descending broke. He sued the City of Syracuse and the plaintiff in two separate lawsuits, to recover damages for his personal injuries, the complaint in each action alleging that defendant owned or was in control of the ladder and responsible for maintaining it and that the accident was caused solely by defendant's negligence. The city cross-claimed against the county and defendant Penetryn, its claim against Penetryn noting that by the contract, Penetryn had assumed responsibility for sole maintenance of the premises and appurtenances. Plaintiff then instituted this action seeking a declaratory judgment that, by the terms of its contract with defendant Penetryn, Penetryn had agreed to indemnify it against all liability "occuring on account of the work" whether the damages were attributable to the negligence of the county or otherwise. It also named defendant Hartford Accident and Indemnity Company, claiming that it was a named insured on a policy of liability insurance issued in connection with performance of the work. In its answer, Penetryn cross-claimed against Hartford claiming coverage under Hartford's liability policy. Special Term originally granted plaintiff summary judgment as to defendant Penetryn but denied plaintiff's motion for judgment against defendant Hartford. It granted Hartford judgment dismissing the complaint as to it finding that Szemkow's accident was excluded from coverage under the terms of the policy because the policy insured only for an occurrence arising out of the operations performed by the insured contractor (Penetryn) or acts or omissions of the named insured (plaintiff) in connection with the general supervision of such operations. Finding Szemkow's injuries were not the result of plaintiff's negligence in the "general supervision of the work", it held that the accident was excluded from coverage. Upon reconsideration, Special Term granted judgment for both defendants, holding that the indemnity clause in Penetryn's contract violated section 5-322.1 of the General Obligations Law which prohibits certain construction agreements in which the promisor agrees to indemnify the promisee against liability for the promisee's sole negligence. Section 5-322.1 of the General Obligations Law was enacted in 1975 to prevent a practice prevalent in the construction industry of requiring contractors and subcontractors to assume liability by contract for the negligence of others. The Legislature believed that such "coercive" bidding requirements restricted the number of contractors able to obtain or afford the necessary liability insurance, thereby restricting the number of available bidders, that it unfairly imposed liability on a contractor or subcontractor for the fault of others over whom it had no control and that it unnecessarily raised the costs of construction since the cost of the insurance was added to the bid price (see mem of Assemblyman Brown in support of the proposed bill, NY Legis Ann, 1975, p

311). It therefore provided that clauses in certain construction contracts which require the contractor to provide indemnity against the *"sole* negligence of the promisee"* are void (General Obligations Law, § 5-322.1, subd 1; emphasis added). There is no indication, however, that the statute was intended to avoid the practice of allocating responsibility in cases of joint fault (see *Vey v Port Auth. of N.Y. & N.J.,* 79 AD2d 920; *Berardi v Getty Refining & Marketing Co.,* 107 Misc 2d 451, 456) and manifestly, the indemnity clause contained in this contract provides far broader protection than that proscribed by the statute. It is void only insofar as it may be interpreted to require Penetryn to indemnify plaintiff against plaintiff's sole negligence (see, generally, *Central New York Tel. & Tel. Co. v Averill,* 199 NY 128, 140; 10 NY Jur, Contracts, § 183). Defendants contend that the allegations of Szemkow's complaint make it clear that he is charging plaintiff with sole responsibility for the damages he sustained because of a defective ladder and that this defect was unrelated to this construction. The multiple pleadings contained in the record leave it unclear, however, whether the accident was caused by the fault of one or more defendants, whether the legal responsibility to safely maintain the premises and appurtenances was assumed by Penetryn and whether the accident was within the coverage of the Hartford policy. Those are matters which should be decided upon the trial of the primary actions and until they are decided, plaintiff is entitled to a defense from defendants. The order granting judgment to defendants is reversed, plaintiff's motion, insofar as it sought to require defendants to provide it with a defense is granted. (Appeal from order of Onondaga Supreme Court, Lynch, J. — declaratory judgment.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.