OPINION OF THE COURT
Jasen, J.
The issue on appeal is whether a contractual provision requiring the subcontractor “to hold [the contractor] harmless and to indemnify and protect [the contractor] against all damages, claims or demands arising out of the work covered by this contract” requires indemnification when the contractor is held liable to the owner under an indemnification clause in a separate contract.
*225 Plaintiff Clarence Vey, an employee of Ermco Erectors, Inc. (Ermco), was injured when he fell into an open stairway while working on the construction of an addition to a bus terminal owned by the Port Authority of New York and New Jersey (Port Authority). The Port Authority had contracted with Grand Iron Works, Inc. (Grand Iron), to fabricate and erect the structural steel necessary for this addition. Grand Iron subcontracted the erection of the steel to Ermco. Plaintiffs, Clarence Vey and his wife, Minnie Vey, brought this suit for injuries and loss of services against the Port Authority, the alleged general contractor Carlin-Atlas Construction Co., Inc. (Carlin-Atlas), and against Empire City Iron Works (Empire City), the company responsible for the construction of the stairway.* Third-party actions were brought by each of the defendants against Grand Iron and Ermco. All parties stipulated that the plaintiffs were to receive $1,200,000 in damages.
After a non jury trial, solely on the issue of liability, it was determined that Port Authority and Ermco were each 50% liable. Since plaintiff Clarence Vey was an employee of Ermco, he could recover only workers’ compensation benefits from Ermco, but he could recover the full amount of the judgment from the other tort-feasor, the Port Authority. (Kelly v Long Is. Light. Co., 31 NY2d 25, 30.) The Port Authority then sought to recover over against Grand Iron on the basis of the indemnification clause in their contract. Grand Iron, in turn, cross-claimed against Ermco seeking indemnification not only on the basis of the indemnification clause in Grand Iron’s contract with Ermco but also on the basis of the common-law tort doctrine that a principal who has been held liable in tort because of the negligence of its agent is entitled to indemnification from that agent.
Supreme Court granted Grand Iron’s cross claim upon both theories. The Appellate Division modified that award by disallowing any recovery based upon contractual indemnity. The court reasoned that the Grand Iron-Ermco con *226 tract did not incorporate the indemnification provisions set forth in the Port Authority-Grand Iron contract and that the Grand Iron-Ermco contract indemnification provision evidenced “no intent by the parties to be bound by an indemnification arising out of a separate contract between different parties, but only against claims 'arising out of the work covered by this contract.’ ” (79 AD2d 920, 921.) The Appellate Division concluded that “Ermco therefore is liable to Grand Iron only for contribution based upon its 50% tort liability and not for contractual indemnity.” (79 AD2d, supra, at p 921.) We now modify to the extent of reinstating Grand Iron’s judgment over against Ermco.
The specific question raised by this appeal is whether Grand Iron is entitled to contractual indemnity by Ermco. Our examination of the contractual language and the surrounding facts and circumstances leads us to the conclusion that the indemnification provision in Grand Iron’s contract with Ermco was intended to require Ermco to indemnify Grand Iron for all damages incurred as a result of Ermco’s work regardless of how the claim arose.
The undisputed evidence indicates that Vey’s claim arose in connection with his work for Ermco, Grand Iron’s subcontractor for the erection of the structural steel at the addition to the Port Authority’s bus terminal. Ermco and its employee Vey were in the process of doing the contracted-for work when Vey was injured. That is precisely what Ermco had agreed to indemnify Grand Iron for — “damages, claims or demands arising out of the work covered by this contract in favor of, or happening to employees, the public or property.” The mere fact that Port Authority could seek indemnification only from Grand Iron does not bar Grand Iron from then seeking indemnification from Ermco when the original claim clearly arose during Ermco’s execution of its contract with Grand Iron.
Furthermore, the broad language of the Grand IronErmco indemnification provision evidences a clear intent by the parties for Ermco to assume all liability arising out of their work at this construction site. (Margolin v New York Life Ins. Co., 32 NY2d 149, 153.) The provision does not specifically limit the subcontractor’s liability to his own *227 acts or omissions. If it had, an inquiry would have been required to determine whether Ermco was responsible for the injury. (Lopez v Consolidated Edison Co. of N. Y., 40 NY2d 605.) Rather, the broad language and the specific mention of employees and the public in this provision indicates an intent to indemnify Grand Iron against all claims arising out of the work Ermco contracted to perform. (Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153.)
This interpretation is further bolstered by the undisputed facts of this case. Grand Iron was never present on the construction site, having subcontracted the erection work to Ermco. It was Ermco’s responsibility to insure that the work was done properly, that the work site was safe and that its employees abided by applicable safety regulations. The logical implication of these facts is that this indemnification provision was intended by the parties to totally indemnify Grand Iron for any liability arising from the Ermco-Grand Iron contract which was let pursuant to Grand Iron’s contractual responsibilities to Port Authority for the fabrication of the structural steel and for its erection on the construction site.
We believe the clear language of the indemnification provision, strengthened by the surrounding facts and circumstances, demonstrates that the parties intended Grand Iron to be indemnified by Ermco against all liability arising out of Ermco’s work for Grand Iron at the Port Authority’s construction site.
Accordingly, the order of the Appellate Division should be modified to reinstate Grand Iron’s judgment over against Ermco.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, with costs to Grand Iron and the Port Authority against Ermco Erectors, in accordance with the opinion herein, and, as so modified, affirmed.

 It was held at trial, and affirmed on appeal, that no liability was proved against Carlin-Atlas or Empire City. This appeal having been taken from only so much of the order as concerned the cross claims between Grand Iron and Ermco, there is no occasion to consider those issues.