OPINION OF THE COURT
Chief Judge Cooke.
The question on this appeal is whether a clause in a building maintenance contract requiring the contractor to indemnify the building owner for all liability arising out of or in connection with the contract is unenforceable under former section 5-322.1 of the General Obligations Law (amd L 1981, ch 964). Such a clause is unenforceable under that statute only to the extent that the clause provides indemnification for liability for damages caused by the indemnitee’s sole negligence.
Plaintiff Raphael A. Quevedo was injured when the boiler in a building owned by defendant City of New York (City) exploded. Quevedo was employed by third-party defendant Berley Industries, Inc., the contractor secured by the City to provide janitorial and maintenance services to certain buildings owned by the City. Quevedo and his wife commenced an action against the City and V and A Oil Burner Services, Inc., the contractor responsible for boiler repairs, to recover for personal injuries and loss of consortium. Plaintiffs alleged the City’s and V and A’s negligence in maintenance of the boiler. The City answered, asserting Quevedo’s culpable conduct as an affirmative defense. The City also asserted a cross claim against V and A and commenced a third-party action for common-law and contractual indemnification against Berley and DRE Maintenance Corp., a company created to administer Berley’s payroll.
Following jury selection, the parties agreed to a settlement under which plaintiff would receive $108,000; the City, Berley and V and A were each to contribute $36,000. Thereafter, all claims were discontinued except the City’s claim for contractual indemnification against Berley.
*154 The City continued to press that claim, moving for an order enforcing the indemnification clause in its building maintenance contract with Berley. That clause provides that Berley “shall indemnify and hold harmless the City, [the City’s Department of] Real Estate, its servants, agents and employees against the risk of loss, damage or liability caused by personal injuries, wrongful death and loss of or damage to property arising out of or in connection with the performance of the order, whether sustained before or after the completion thereof. Such risk shall include all liability of [the City’s Department of] Real Estate, whether an active primary duty is imposed upon it by law or not. The Contractor agrees to defend all suits, negotiate all claims and pay all judgments, costs, expenses and fees resulting therefrom.” The contract also required Berley to obtain an insurance policy to include coverage for the contractual indemnification and the following provision: “NOTICE OF ACCIDENT OR CLAIM. Notice of accident shall be given to the [insurance] Company within sixty (60) days after notice to [the City’s Department of] Real Estate of such accident, or notice of claim shall be given to the Company within sixty (60) days after such claim shall have been filed with the Comptroller of the City of New York. Notice to the company by either party shall be deemed sufficient notice under the policy.” Berley had obtained the required insurance.
In opposition to the motion, Berley argued that the indemnification clause was void and unenforceable under section 5-322.1 of the General Obligations Law inasmuch as it required Berley to indemnify the City against its own negligence. Berley argued alternatively that the City should be estopped from enforcing the clause because the City’s notification to the insurer of the accident or claim for indemnification came on the eve of trial and was thus untimely under the notice provision of the contract.
Supreme Court granted the City’s motion and issued an order for enforcement. Supreme Court agreed with Berley that the indemnification clause purports to hold the City harmless for injuries caused solely by the City’s own negli *155 gence and concluded that the clause would appear to be invalid under section 5-322.1 of the General Obligations Law. The court ruled, however, that the existence of insurance, procured by Berley as a condition of the maintenance contract, effectively rendered enforceable the otherwise void clause under the statutory proviso that the section “shall not affect the validity of any insurance contract.”
On appeal, the Appellate Division affirmed the order of Supreme Court, without opinion, and then granted leave to appeal to this court. There should be an affirmance.
As it did below, Berley maintains that section 5-322.1 of the General Obligations Law renders wholly unenforceable the clause under which the City seeks indemnification. The prohibition in that section, however, does not reach that far.
Prior to the recent amendment (L 1981, ch 964), section 5-322.1 provided that a promise “in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building structure, appurtenances and appliances * * * purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons * * * caused by or resulting from the sole negligence of the promisee * * * is against public policy and is void and unenforceable” (subd 1 [emphasis added]).[1] In enacting this section, the Legislature sought to prevent the *156 practice of requiring contractors or subcontractors to assume liability for the negligence of others, thereby increasing their insurance costs and thus the costs of construction (see NY Legis Ann, 1975, p 311). The Legislature, however, unambiguously proscribed only those clauses that purport to indemnify the promisee against “the sole negligence of the promisee”. In contrast to the amended section, nothing in former section 5-322.1 suggests that agreements providing for indemnification against the promisee’s negligence in cases of joint fault are to be considered unenforceable (see Vey v Port Auth. of N. Y. & N. J., 79 AD2d 920, mod 54 NY2d 221).[2]
There is no real dispute that the clause at issue requires Berley to indemnify the City even when the injury is caused solely by the City’s negligence. The clause, however, also requires indemnification where there is joint fault. As noted, such an allocation of responsibility is not proscribed and the statutory bar need not invalidate the agreement in toto (cf. Central N. Y. Tel. & Tel. Co. v Averill, 199 NY 128, 140). Rather, former section 5-322.1 renders the indemnification clause unenforceable only to the extent that it purports to indemnify the City against liability caused by “the sole negligence” of the City (see County of Onondaga v Penetryn Systems, 56 NY2d 726, affg for reasons stated in mem at 84 AD2d 934).[3]
There has been no showing that the statutory prohibition applies in this case. The main action was settled prior to trial. As part of the settlement, Berley, the City and V and A Oil Burner Services each agreed to contribute equally. There has been neither a determination nor admission of fault by any party (see Smith v Satterlee, 130 *157 NY 677, 679; Richardson, Evidence [10th ed — Prince], § 225). The record simply does not demonstrate that plaintiff’s injuries were “caused by or resulted] from the sole negligence” of the City. Inasmuch as the clause is unenforceable only in that event, there is no basis here for denying enforcement.
Nor can Berley avoid liability by asserting the City’s failure to give timely notice of plaintiff’s claim to the insurer. The contract requires Berley to obtain insurance but expressly provides that “[njotice to the company by either party shall be deemed sufficient notice under the policy.” There is no claim that the insurer did not receive timely notice from Berley.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. As amended, section 5-322.1 proscribes certain agreements purporting to indemnify the promisee against liability for damage caused by the negligence of the promisee in whole or in part: “A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to. caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable: provided that this section shall not affect the validity of any insurance contract, workers’ compensation agreement or other agreement issued by an admitted insurer. This subdivision shall not preclude a promisee requiring indemnification for damages arising out of bodily injury to persons or damage to property caused by or resulting from the negligence of a party other than the promisee, whether or not the promisee is partially negligent."

. In view of our disposition we do not reach the City’s argument that section 5-322.1 does not apply to a building maintenance contract inasmuch as this contract is a management contract rather than a maintenance contract.

. Contrary to the determination at Supreme Court, the existence of insurance would not save an indemnification clause otherwise unenforceable under section 5-322.1. The proviso that the section “shall not affect the validity of any insurance contract, workmen's compensation agreement or other agreement issued by an admitted insurer” (General Obligations Law, § 5-322.1, subd 1) merely ensures that the contractor will not lose insurance coverage simply because the coverage may extend to liability sought to be imposed under an unenforceable agreement.