(April 8, 1988)

■ JOSEPH MAGRATH, Respondent, v J. MIGLIORE CONSTRUC-
TION CO., INC., Respondent, and ALP STEEL CORPORATION,
Appellant, and Third-Party Plaintiff-Appellant, et al., Defen-
dant. J. ANGELO PAINTING AND WALL COVERING et al., Third-
Party Defendants-Respondents. (And Third-Party Actions.)—
Order modified on the law and as modified affirmed without
costs, in accordance with the following memorandum: Plaintiff
was seriously injured when he fell from an unfinished portion
of a steel catwalk which was then under construction in a
physical education building on the campus of the State Uni-
versity of New York at Buffalo. ALP Steel Corporation was
the subcontractor responsible for miscellaneous steel fabrica-
tion including construction of the catwalk from which plaintiff
fell. ALP moved for summary judgment dismissing the com-
plaint and cross claims against it, contending that it could not
be held liable either for common-law negligence or under the
Labor Law. The court denied the motion and ALP appeals.
Plaintiff cannot prevail in his cause of action against ALP for
violation of Labor Law § 240 (1) because he failed to submit
evidence in admissible form to establish that ALP had super-
vision and control over the activity which resulted in his
injury *(see, Russin v Picciano & Son,* 54 NY2d 311, 317-318;
*Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761;
*Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412).

At the time of the accident, plaintiff, who was employed by
the painting subcontractor, was masking lights hanging from
the ceiling along the center of the catwalk to prepare for
painting the ceiling and was neither supervised nor given
instructions by ALP. Since ALP lacked authority to supervise
or control plaintiff's activities, it was not an agent of the
general contractor within the contemplation of section 240 of
the Labor Law *(see, Kerr v Rochester Gas & Elec. Corp., supra,*
at 416-417).

With respect to plaintiff's allegations of common-law negli-
gence, summary judgment is precluded by questions of fact
concerning whether ALP breached a duty to plaintiff by
creating, and failing to guard or warn against, a dangerous
condition. The record establishes that ALP partially con-
structed the catwalk from which plaintiff fell and left it in an
unfinished state, with a 10 to 15 foot gap, for several weeks
before the accident. ALP contends that it was required to stop

construction of the catwalk pending completion of other work on the premises. That claim was controverted, however, and it was established that the catwalk was completed the day following plaintiff's fall. Thus, there is a question of fact whether ALP was negligent in leaving the catwalk in an unfinished state. Despite the fact that ALP's employees were aware that plaintiff, his co-workers, and other tradesmen had been making use of the catwalk, ALP failed to guard against the gap in the catwalk by erecting a barrier and took no steps to prevent access to the unfinished catwalk or to warn workers about the danger of working on it. In view of ALP's actual knowledge of use of the catwalk, and in view of the allegation that placement of the catwalk precluded the erection of scaffolding for use by workers such as plaintiff, it is at least a question of fact whether ALP should have foreseen plaintiff's injury and whether ALP reasonably could have guarded or warned against the danger.

Finally, ALP contends that the cross claim of Migliore, the general contractor, for contractual indemnification should be dismissed because the contract provision on which it is based is void and unenforceable pursuant to General Obligations Law § 5-322.1. The provision purports to hold the general contractor harmless from "all claims and damages arising through the execution of the subcontractor's work under the contract." ALP argues that the provision is unenforceable as against public policy because it fails to exclude liability for the general contractor's own negligence.

The motion to dismiss the cross claims was properly denied. With respect to the cross claim of Migliore, there is an issue of fact whether the claim arises through execution of ALP's work under the contract. Additionally, even if the indemnity provision is void insofar as it purports to indemnify Migliore for its own negligence, in whole or in part (General Obligations Law § 5-322.1), the statute clearly does not prohibit a promisor from contractually assuming liability for its own negligence or for the negligent acts of others for which Migliore, the promisee, may be held liable. "It is void only insofar as it may be interpreted to require [ALP] to indemnify [Migliore] against [Migliore's] * * * negligence (see, generally, *Central New York Tel. & Tel. Co. v Averill,* 199 NY 128, 140; 10 NY Jur, Contracts, § 183)" *(County of Onondaga v Penetryn Sys.,* 84 AD2d 934, 935, *affd* 56 NY2d 726; *see also, Quevedo v City of New York,* 56 NY2d 150, 156, *rearg denied* 57 NY2d 674).

All concur except Boomer and Davis, JJ., who dissent in part in the following memorandum.

Boomer and Davis, JJ. (dissenting): We respectfully dissent. In our view the motion of ALP Steel Corporation (ALP) for summary judgment dismissing plaintiff's common-law negligence cause of action and defendants' cross claims should have been granted. The record establishes that the catwalks installed by ALP were to be used by building personnel for the maintenance of the building ceiling. At the time of the accident plaintiff was standing on a catwalk masking lights which hung from the ceiling in a row along the center of the catwalks in preparation for painting the ceiling. The catwalks were installed approximately 25 feet above the floor surface. When ALP interrupted its work on the catwalks, prior to plaintiff's accident, it removed the ladder which its employees had used to climb onto the catwalks. No permanent access to the catwalks had been provided. The record does not establish that ALP engaged in any malfeasance which caused or contributed to the accident. In these circumstances, ALP is not liable for plaintiff's injuries *(see, Fox v Jenny Eng'g Corp.,* 122 AD2d 532, 533, *affd* 70 NY2d 761; *Jaroszewicz v Facilities Dev. Corp.,* 115 AD2d 159, 160; *Hamill v Foster-Lipkins Corp.,* 41 AD2d 361, 363). Further, we conclude that ALP, on the facts of this case, owed plaintiff no duty to warn him regarding his nonconsensual use of ALP's incompleted work. "One should not be held legally responsible for the conduct of others merely because they are within our sight or environs" *(Pulka v Edelman,* 40 NY2d 781, 785, *rearg denied* 41 NY2d 901). In *Sukljian v Ross & Sons Co.* (69 NY2d 89, 97) the court stated: "We have, however, several times made clear that a determination of negligence—i.e., breach of duty—must begin with consideration of the duty owed, which is a matter of policy rather than with the issue of foreseeability".

The cross claim of the third-party defendants for contribution cannot survive the dismissal of plaintiff's complaint *(see, Garrett v Holiday Inns,* 58 NY2d 253, 258-259; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d 754, 756, *lv granted* 70 NY2d 603).

Finally, the cross claim of J. Migliore Construction Co., Inc. against ALP for contractual indemnification cannot be sustained because, as a matter of law, plaintiff's cause of action did not arise "through the execution of the subcontractor's [ALP's] work under this contract." Plaintiff was injured while performing work contracted for by his own subcontractor-employer. (Appeal from order of Supreme Court, Erie County,

McGowan, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ. (Order entered Mar. 10, 1988.)