■ SANTO TEDESCO et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants and Third-Party Plaintiffs-Appellants, and A. O. STILLWELL CO., INC., Third-Party Plaintiff-Appellant. ARROW SHEET METAL WORKS OF BUFFALO, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following memorandum: Special Term erred in denying the motions of Niagara Mohawk Power Corporation (Niagara Mohawk) and Stimm Associates, Inc. (Stimm) for summary judgment on their respective contractual indemnification claims. The clause requiring Stimm to indemnify Niagara Mohawk expressly provided that indemnification would be required whether Niagara Mohawk was solely negligent or only partially at fault. Similarly, the clause requiring A. O. Stillwell Co., Inc. (Stillwell) to indemnify Stimm expressly provided that indemnification would be required whether Stimm was solely negligent or only partially at fault. General Obligations Law § 5-322.1 (former [1]) applicable herein, renders those indemnification clauses void and unenforceable only to the extent that they purport to require the promisor to indemnify against the "sole negligence of the promisee". The statute was not intended to avoid the practice of allocating responsibility in cases of joint fault, and manifestly, the indemnity clauses contained in the contracts here provide far broader protection than that proscribed by statute *(see, County of Onondaga v Penetryn Sys.,* 84 AD2d 934, 935, *affd on mem* 56 NY2d 726; *see also, Quevedo v City of New York,* 56 NY2d 150).* The record does not demonstrate that Santo Tedesco's injuries were "caused by or result[ed] from the sole negligence" (General Obligations Law § 5-322.1 [former (1)]) of either Niagara Mohawk or Stimm and therefore they are both entitled to summary judgment on their contractual indemnification claims.

Special Term properly denied Stillwell's motion for summary judgment against Arrow Sheet Metal Works of Buffalo, Inc. on its common-law indemnification claim because questions of fact exist on the issue of Stillwell's negligence *(see, D'Ambrosio v City of New York,* 55 NY2d 454; *Rock v Reed-Prentice Div.,* 39 NY2d 34; *Rogers v Dorchester Assocs.,* 32 NY2d 553; *Dole v Dow Chem. Co.,* 30 NY2d 143).

Further, Special Term properly granted plaintiffs' motion for partial summary judgment against Niagara Mohawk and Stimm predicated on a violation of Labor Law § 240 (1). The record establishes that Santo Tedesco fell from an elevated height at the jobsite because of a defective ladder and the absence of safety devices. "It is well settled that the duty imposed by the statute is nondelegable and where a violation of that duty proximately causes injury to a member of the class for whose benefit the statute was enacted, the owner and general contractor are absolutely liable" *(Heath v Soloff Constr.,* 107 AD2d 507, 510). (Appeals from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.