KENNETH D. PATENAUDE, JR., et al., Plaintiffs, v GENERAL ELECTRIC COMPANY, Defendant and Third-Party Plaintiff-Respondent. FLACH's POWER PIPING, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Related Action.)

Third Department, June 29, 1989

*Daniel A. Whalen (Robert P. McNally* of counsel), for third-party defendant-appellant.

*Friedman, Hirschen & Miller (Paul J. Campito* of counsel), for defendant and third-party plaintiff-respondent.

**OPINION OF THE COURT**

CASEY, J.

On June 22, 1983, plaintiff Kenneth D. Patenaude, Jr. (hereinafter plaintiff), an employee of third-party defendant W.W. Patenaude & Sons (hereinafter Patenaude), was injured when a high-tension wire came into contact with a steel beam that he was painting at the premises of defendant and third-party plaintiff, General Electric Company (hereinafter GE), in the Town of Waterford, Saratoga County. The resulting shock caused plaintiff to fall 25 feet to the ground and to sustain serious injuries. As a result, plaintiff and his wife, derivatively, commenced two separate negligence actions. The first action was against GE which, in turn, commenced third-party actions against the contractor, third-party defendant Flach's Power Piping, Inc. (hereinafter Flach's), and its subcontractor, Patenaude. In the second action plaintiff and his wife sued Flach's, which brought a third-party action against GE and Patenaude. In its third-party complaint and third-party answer, GE claimed its entitlement to contractual indemnification from Flach's pursuant to their agreement. In its third-party answer, Flach's alleged as a defense that the subject clause of the agreement requiring indemnification is void and unenforceable pursuant to General Obligations Law § 5-322.1.

GE moved for summary judgment seeking an order requiring Flach's to defend and indemnify it in reliance on paragraph 5.4 of the agreement between the parties, which provides:

"5.4 INDEMNITY

"Contractor [Flach's] shall at all times indemnify and save Owner [GE] harmless against and from all losses, liability, expenses and other detriments of every nature and description (including attorneys' fees) to which Owner may be subjected by reason of any act or omission of the Contractor, any

subcontractors or Owner (except where such loss is due solely to Owner's negligence), and each of their employees, agents, invitees or licensees, where such loss, liability, expense or other detriment arises out of or in connection with the performance of the Work, including, but not limited to, personal injury (including death) and loss of or damages to property of Owner or others."

Flach's opposed GE's motion and cross-moved for dismissal of the second cause of action in GE's third-party complaint, which seeks contractual indemnification, upon the ground that the indemnification clause violates the provisions of General Obligations Law § 5-322.1 (1) prohibiting Flach's from indemnifying GE for GE's own negligence. GE countered that the clause was inapplicable since there was as yet no proof of GE's negligence, and that its entitlement to a defense and indemnity under the agreement could be defeated only by showing that GE's negligence was *solely* responsible for plaintiff's accident. In a conclusory oral decision from the Bench, Supreme Court granted GE's motion for summary judgment and denied the cross motion of Flach's for similar relief. Flach's appeals.

Initially, we note that in support of its motion, GE did not dispel by proof in admissible form all issues of fact as to the absence of its negligence in regard to plaintiff's accident *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Young v Casabonne Bros.,* 145 AD2d 244). Its motion was supported only by its attorneys' affidavits and its contract with Flach's. GE does not seriously contend otherwise, and triable issues of fact as to whether GE's negligence caused or contributed to the accident preclude the grant of summary judgment for full contractual indemnification *(see, De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030-1031). GE relies chiefly on the indemnity provision of the contract to impose all responsibility for the construction, supervision and compliance with rules and regulations on Flach's, and claims that under its provisions Flach's is required to indemnify GE from all losses arising out of the performance of the work, including counsel fees, except when the loss is due *solely* to GE's negligence. According to Flach's this contention violates the provisions of General Obligations Law § 5-322.1 (1), as amended by Laws of 1981 (ch 964).

General Obligations Law § 5-322.1 (1), as amended, provides in pertinent part that a clause in a construction contract

which purports to hold harmless the promisee against liability for damages arising out of bodily injury due to the negligence of the promisee in whole or in part is void as against public policy *(see, Quevedo v City of New York,* 56 NY2d 150, 156). The expressed purpose of the amendment *(see,* mem of Assembly, Governor's Bill Jacket, L 1981, ch 964) was to close a loophole that had developed in the statute in its prior form whereby parties used partial or contributory hold-harmless clauses to circumvent the law, which previously had provided that such hold-harmless clauses were invalid only if they compelled the promisor to indemnify the promisee when the loss was due *solely* to the promisee's negligence. Under the amendment prohibiting contractual indemnification of a promisee for its own negligence in whole or in part, GE, the indemnitee, may be indemnified for the negligence of other parties whether or not as promisee it is also partially negligent *(see, Magrath v Migliore Constr. Co.,* 139 AD2d 893, 894; *DeFilippis Crane Serv. v Joannco Contr. Corp.,* 132 AD2d 517, 517-518), but to the extent that the indemnification provision purports to indemnify GE for GE's own negligence in whole or in part, the provision is unenforceable *(see, supra; see also, Quevedo v City of New York, supra).* Since triable issues of fact exist as to whether GE's negligence caused or contributed to the accident, summary judgment on GE's indemnification claim was improperly granted.

GE also claims entitlement to indemnification based upon other provisions in the agreement. We conclude, however, that even if the provisions can be construed as creating a right to indemnification, the indemnification could be no broader than that permitted by General Obligations Law § 5-322.1 (1) *(see, Quevedo v City of New York, supra,* at 156, n 3). In particular, we note that the agreement of Flach's to procure insurance covering GE cannot make Flach's liable to GE for any loss due to GE's negligence, since that result would clearly violate the intent and purpose of the statute. If, however, Flach's obtained the insurance coverage as provided in its agreement with GE, the statute expressly provides that "this section shall not affect the validity of any insurance contract * * * issued by an admitted insurer" (General Obligations Law § 5-322.1 [1]), but this provision cannot be construed as imposing liability on Flach's for its failure to procure insurance coverage for a loss due to GE's negligence in whole or in part.

As to the cross motion for summary judgment by Flach's dismissing GE's cause of action for indemnification, we have

already concluded that General Obligations Law § 5-322.1 (1) does not invalidate the indemnification provision in toto. Rather, it renders the provision unenforceable only to the extent that it purports to indemnify GE against liability caused by GE's own negligence in whole or in part. Since there are triable issues of fact as to GE's negligence, neither party is entitled to summary judgment.

MAHONEY, P. J., WEISS, MERCURE and HARVEY, JJ., concur.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted General Electric Company's motion for summary judgment; motion denied; and, as so modified, affirmed.