OPINION OF THE COURT
Simons, J.
The general contractor in this building construction case has been held liable to a worker injured in the performance of a subcontractor’s work solely by reason of Labor Law § 240 (1). The subcontractor had agreed to indemnify the contractor for such liability and the issue submitted is whether General Obligations Law § 5-322.1 bars enforcement of that provision in their contract. We hold that the indemnification agreement is enforceable under these circumstances, in which there has been no finding of negligence on the part of the general contractor, and therefore affirm the order of the Appellate Division.
I
Plaintiff Paul Brown was an employee of Central Furring & Dry Wall Company, a subcontractor working on the lobby/ atrium of an office building under construction in Manhattan. *176 He was injured when the scaffold on which he was standing collapsed. The building was owned by defendant Two Exchange Plaza Partners who hired defendant George A. Fuller Company as general contractor. Fuller in turn subcontracted with Heydt Contracting Corporation for erection of the scaffold, to be used by all of the subcontractors in the lobby/ atrium, and with A & M Wallboard Company to erect the walls and ceilings of the building. A & M hired plaintiff’s employer to install the suspension system for the ceiling. The present dispute concerns the indemnity clause in the contract between Fuller and A & M.
Plaintiffs commenced this action against Fuller and Two Exchange Plaza Partners seeking to recover for Brown’s injuries and his wife’s derivative damages. Fuller impleaded Heydt, A & M and Central Furring and those third-party defendants asserted cross claims against each other and counterclaims against Fuller and Two Exchange Plaza.[1] The evidence at trial failed to establish why the scaffold collapsed. Nonetheless, at the close of the evidence, the court directed a verdict against Fuller based on Labor Law § 240 (1) and submitted the question of damages to the jury.
Fuller then moved for a directed verdict on its third-party claims against Heydt, A & M and Central Furring contending that each was liable to it as a statutory agent under Labor Law § 240 (1), that each was negligent and thus liable to it for contribution, and that Heydt and A & M were liable to it under indemnification clauses in their subcontracts. The trial court ruled that none of the third-party defendants were Fuller’s statutory agents and dismissed those claims. It dismissed Fuller’s claims for contribution against A & M and Central Furring, holding that there was no evidence of negligence on their part to submit to the jury. It submitted the question of Heydt’s negligence for the jury and reserved decision on Fuller’s claim for indemnification from A & M and Heydt.
In submitting the question of Heydt’s negligence to the jury, the court denied Heydt’s request to charge the jury that fault could be apportioned between Fuller and Heydt and instructed it to render an "all or nothing” verdict. The jury returned a verdict against Fuller in the amount of $2,350,000 *177 for plaintiff and $500,000 for his wife.[2] It found that Heydt was not negligent and, therefore, not liable to Fuller. The court then took under advisement the question previously reserved, Fuller’s right to judgment against A & M and Heydt based on the contractual indemnity provisions in their respective contracts, and directed the parties to prepare written submissions.[3] It subsequently denied the motion, holding Fuller’s application untimely, but stated its belief that indemnity was not available unless the subcontractor was "in some way negligent” and that in any event the clause was unenforceable under General Obligations Law § 5-322.1 because Fuller was liable under Labor Law § 240 (1).
Only Fuller appealed. The Appellate Division found the motion for indemnification timely and modified Supreme Court by awarding Fuller judgment over against A & M. The court reasoned that A & M’s contractual indemnification liability encompassed the situation here, where Fuller was sued by an employee of A & M’s subcontractor for injuries suffered while performing A & M’s work. It held further that General Obligations Law § 5-322.1 did not preclude enforcement of the indemnification clause even though A & M was not negligent and Fuller was liable under Labor Law § 240 (1). The court affirmed the remainder of Supreme Court’s judgment, rejecting Fuller’s claim for indemnification from Heydt and A & M’s claims that it was entitled to indemnification from Central Furring and that there should be a new trial on damages. We now affirm.
*178 II
The indemnification clause in the contract between Fuller and A & M is written in broad terms. In it, A & M agreed to assume liability incurred by Fuller for personal injuries "or any other claim arising out of, in connection with or as a consequence of the performance of the Work and/or any acts or omission of the Subcontractor or any of its * * * subcontractors” (emphasis added). Thus, A & M was to indemnify Fuller in either of two situations: (1) where a claim arose out of, in connection with or as a consequence of the performance of A & M’s work (see, O’Connor v Serge Elevator Co., 58 NY2d 655, 657) or (2) where a claim arose out of the "acts or omission[s]” of A & M. Manifestly, the purpose of the clause was to broaden A & M’s liability under common-law rules of implied indemnity (cf., Mas v Two Bridges Assocs., 75 NY2d 680; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 567-568). It provides for indemnification when the claim arises out of the subcontractor’s work even though the subcontractor has not been negligent. By its terms the clause applies in this case in which plaintiff, an employee of the subcontractor hired by A & M, was injured while performing work called for in A & M’s contract with Fuller. Therefore, although there is no evidence of negligence on A & M’s part, the indemnification agreement requires A & M to indemnify Fuller (see, Walsh v Morse Diesel, 143 AD2d 653, 654-655).
m
A & M contends, nonetheless, that the indemnification clause is unenforceable because of the provisions of General Obligations Law § 5-322.1. That section declares void agreements purporting to indemnify contractors against liability for injuries "contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part”.[4] *179 A & M argues that Fuller’s liability under Labor Law § 240 (1) is, for purposes of General Obligations Law § 5-322.1, the legal equivalent of a finding of negligence and bars indemnification here. We disagree.
The legislative purpose underlying Labor Law § 240 (1) was to place " ' "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor” ’ ” (Bland v Manocherian, 66 NY2d 452, 459, quoting 1969 NY Legis Ann, at 407) instead of on workers, who "are scarcely in a position to protect themselves from accident.” (Koenig v Patrick Constr. Corp., 298 NY 313, 318.) To that end, the Legislature determined that owners or contractors shall be liable for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure. Liability is not predicated on fault: it is imputed to the owner or contractor by statute and attaches irrespective of whether due care was exercised and without reference to principles of negligence (Zimmer v Che-mung County Performing Arts, 65 NY2d 513, 521-522; Crawford v Leimzider, 100 AD2d 568, 569). A violation of the statute is not the equivalent of negligence and does not give rise to an inference of negligence.
During trial Heydt, A & M and Central Furring had the opportunity, and every incentive, to defend themselves against Fuller’s claims by presenting evidence of Fuller’s negligence. They failed to establish a jury question on that issue, however, and the cause of the accident was not resolved. Liability was imposed on Fuller only because of the absolute liability provisions of Labor Law § 240 (1). Without a finding of negligence on the part of Fuller, General Obligations Law § 5-322.1’s prohibition against indemnifying a contractor for its own negligence is inapplicable (see, Walsh v Morse Diesel, 143 AD2d 653, 655, supra) and Fuller is entitled to judgment over against A & M under the terms of their agreement.[5]
The result is consistent with the purpose and history of General Obligations Law § 5-322.1 and our prior holdings. The section was enacted in 1975 to prevent a practice prevalent in *180 the construction industry of requiring contractors and subcontractors to assume liability by contract for the negligence of others. The Legislature believed that such "coercive” bidding requirements restricted the number of contractors able to obtain or afford the necessary hold harmless insurance and that it unfairly imposed liability on a contractor or subcontractor for the fault of others over whom it had no control. Moreover, such insurance raised the costs of construction unnecessarily, since the cost of the insurance was added to the bid price, and it also resulted in double coverage in many cases by requiring both hold harmless insurance and protective liability insurance (see, Mem of Assemblyman Brown, 1975 NY Legis Ann, at 311; and cf., Kinney v Lisk Co., 76 NY2d 215 [decided herewith]).
As originally enacted, the statute provided that any agreement in a construction contract "purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee * * * is against public policy and is void and unenforceable” (emphasis added). In Quevedo v City of New York (56 NY2d 150, 153), we held that since the statute spoke in terms of "sole negligence”, indemnification clauses in construction contracts were invalid only to the extent they purported to indemnify a party for damages it alone had caused. Nothing prevented indemnification in cases of joint fault (56 NY2d, at 156; see also, County of Onondaga v Penetryn Sys., 84 AD2d 934, 935, affd 56 NY2d 726).
In 1981 the Legislature amended section 5-322.1 to prohibit indemnity agreements in which owners or contractors sought to pass along the risks for their own negligent actions to other contractors or subcontractors, even if the accident was caused only in part by the owner’s or contractor’s negligence (see, Mem of Assemblyman Goldstein in support of proposed amendment, 1981 NY Legis Ann, at 502). Thus, the 1981 amendment eliminated the "sole negligence” language and substituted a prohibition on agreements to indemnify for injuries "caused by * * * negligence of the promisee * * * whether such negligence be in whole or in part” (General Obligations Law § 5-322.1).
Because there was no evidence of any fault on the part of Fuller in this case, neither the wording nor intent of the statute is violated by allowing it to allocate responsibility for *181 this unexplained accident through an indemnification provision. Nor will the decision here encourage carelessness by contractors, as A & M implies, because a contractor who is guilty of negligence will be barred from recovering contractual indemnity by virtue of the General Obligations Law provision.
IV
A & M argues further that if it is held liable to Fuller for indemnification, Central Furring should be held answerable to it under the indemnification clause in their subcontract. We agree with the Appellate Division’s determination that the clause does not apply under these facts. Since there is no evidence of actual negligence on the part of Central Furring, as required under the indemnification agreement between the parties, the clause does not apply.
We have considered A & M’s remaining arguments and conclude they are without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

. The action against Two Exchange Plaza Partners was discontinued prior to trial.

. Fuller eventually settled the plaintiffs’ claims for $1,243,855.66 without the concurrence of the third-party defendants.

. The clause in its entirety provides: "Subcontractor hereby agrees, to the extent permitted by law, to assume the entire responsibility and liability for and defense of and to pay and indemnify the Owner and Contractor against any loss, cost, expense, liability or damage and will hold each of them harmless from and pay any loss, cost, expense, liability or damage (including, without limitation, judgments, attorney’s fees, court costs and the cost of appellate proceedings), which the Owner or Contractor incurs because of injury to or death of any person or on account of damage to property, including loss of use thereof, or any other claim arising out of, in connection with, or as a consequence of the performance of the Work and/or any acts or omission of the Subcontractor or any of its officers, directors, employees, agents, subcontractors or anyone directly or indirectly employed by Subcontractor for whom it may be liable as it relates to the scope of this Contract, whether such injuries to person or damage to property are due to any negligence of the Owner, the Contractor, its or their employees or agents or any other person. Subcontractor will purchase and maintain such insurance as will protect it including contractual coverage” (emphasis added).

. General Obligations Law § 5-322.1 provides in relevant part: "A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building * * * purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable”.

. A & M claims a new trial is required to decide Fuller’s negligence but we agree with the Appellate Division that to the extent General Obligations Law § 5-322.1 calls Fuller’s negligence into issue, a new trial is not needed to resolve it because Fuller’s negligence was litigated fully and the accident remains unexplained.