JOHN DELANEY, Respondent, v SPIEGEL ASSOCIATES et al., Appellants. JERRY SPIEGEL ASSOCIATES, Doing Business as SPIEGEL ASSOCIATES, Sued Herein as SPIEGEL ASSOCIATES, et al., Third-Party Plaintiffs-Appellants, v McLo STRUCTURAL STEEL CORP. et al., Third-Party Defendants-Respondents. (Action No. 1.) JOHN DELANEY, Respondent, v McLo STRUCTURAL STEEL CORP., Appellant. (Action No. 2.) [639 NYS2d 637]

An owner or general contractor who is held strictly liable under Labor Law § 240 (1) is entitled to full common-law indemnification from the party actually responsible for the incident giving rise to plaintiff's injuries (*see, Chapel v Mitchell*, 84 NY2d 345, 347; *Kelly v Diesel Constr. Div.*, 35 NY2d 1, 4-7), i.e., "from the party that actually supervised, directed or controlled the work giving rise to the injury" (*Nappo v Menorah Campus*, 216 AD2d 876, 877). The record establishes that, although plaintiff was supervised by a fellow Rise employee, a McLo representative also supervised the steel work on an occasional basis. Moreover, the record establishes that Spiegel Associates had two employees, a field supervisor and a project manager, at the site at all times. The field supervisor kept daily logs of the progress of the work and oversaw certain aspects of it and the project manager had the authority to stop any work that was not being done safely and to discuss with any of the contractors work that was not being performed in accordance with the specifications. Because that evidence does not resolve the issue of the control and supervision of plaintiff's work, we conclude that the court properly denied the cross motion of Spiegel Associates for summary judgment against McLo and Rise for common-law indemnification (*see, Gillmore v Duke/Fluor Daniel*, 221 AD2d 938; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354; *see generally, Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916; *Matter of Benincasa v Garrubbo*, 141 AD2d 636, 637).

"[A] conditional judgment [of indemnification] may be entered where indemnification is based upon an express contract to indemnify against loss" (*Martinez v Fiore*, 90 AD2d 483; *see, McCabe v Queensboro Farm Prods.*, 22 NY2d 204), unless that agreement purports "to indemnify a party for damages flowing from the intentional causation of an injury" (*Austro v Niagara Mohawk Power Corp.*, 66 NY2d 674, 676; *see also, Arell's Fine Jewelers v Honeywell, Inc.*, 147 AD2d 922, 923), or unless the agreement purports to indemnify or hold harmless

owners or contractors from liability resulting from their own negligence, in whole or in part (*see*, General Obligations Law § 5-322.1 [1]; *Kinney v Lisk Co.*, 76 NY2d 215, 218; *Walsh v Morse Diesel*, 143 AD2d 653, 655-656). Nonetheless, even where a contract purports to indemnify a promisee, such as an owner or a contractor, for its own negligence, the statutory prohibition against indemnifying that promisee is inapplicable and the terms of the indemnification agreement are valid to the extent that the liability giving rise to the indemnification is not predicated upon a finding of negligence (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179).

The contract between Rockstone, as agent for Jerry Spiegel, and McLo for the structural steelwork expressly includes McLo's promise "to indemnify, defend and hold harmless" Jerry Spiegel and Spiegel Associates with regard to any suit or damages arising from McLo's work. Because the liability of Spiegel Associates to plaintiff arises solely by operation of Labor Law § 240 (1) and its imposition of absolute liability upon the agent of an owner, without regard to fault, and because McLo has not carried its burden of demonstrating that Spiegel Associates was negligent (*see, Brown v Two Exch. Plaza Partners, supra*, at 175; *Walsh v Morse Diesel, supra*, at 655-656; *Tedesco v Niagara Mohawk Power Corp.*, 142 AD2d 932), we modify the order on appeal by granting the cross motion of Spiegel Associates for summary judgment on its contractual indemnification cause of action against McLo. In all other respects, we affirm the order. (Appeal from Order of Supreme Court, Nassau County, McCabe, J.—Labor Law.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.