■ KENNETH MARMO et al., Plaintiffs, v MALL PROPERTIES, INC., et al., Appellants, and THE GAP, INC., et al., Respondents and Third-Party Plaintiffs. DAME CONSTRUCTION, INC., Third-Party Defendant-Respondent. [675 NYS2d 861] —Order, Supreme Court, New York County (Paula Omansky, J.), entered February 18, 1998, which, in an action by a laborer to recover for personal injuries sustained in a fall from a scaffold, insofar as appealed from, denied defendant site owners' motion for conditional summary judgment on their causes of action for contractual indemnification against defendant lessee and for common-law indemnification against defendants lessee, general contractor, and subcontractor/plaintiff's employer, and dismissing any cross claims as against them, unanimously affirmed, with costs.

The owners' motion for conditional summary judgment was properly denied on the ground that an issue of fact exists as to whether the scaffold tipped over because of a defective condition in the sidewalk that was created by the owners or for which they were otherwise responsible (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179-181). Concur—Sullivan, J. P., Rosenberger, Wallach, Tom and Saxe, JJ.

■ KAREN A. (MELLER) GROSSMAN, Respondent, v HENRY MELLER, Appellant. [675 NYS2d 862] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about March 10, 1997, which denied defendant's motion to confirm a Special Referee's report recommending that custody of the parties' child be changed from plaintiff to defendant and that plaintiff be held in contempt, unanimously affirmed, without costs.

The Special Referee's recommendation that there be a change of custody was properly rejected for lack of record evidence of the child's best interests (*see, Allen v Farrow*, 215 AD2d 137, 138, 140; *Matter of Krebsbach v Gallagher*, 181 AD2d 363, 364-365, *lv denied* 81 NY2d 701), and his recommendation that plaintiff be held in contempt for frustrating visitation was properly rejected in the absence of the complete hearing minutes (*cf., Di Francesco v Di Francesco*, 23 AD2d 740). Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.