■ EILEEN KURTZ et al., Respondents, v CHICORP FINANCIAL SERVICES et al., Defendants, MODULAR BUILDING CONCEPTS, INC., et al., Appellants, and MARK LINE INDUSTRIES OF PENNSYLVANIA, INC., Appellant. [731 NYS2d 187] —In an action to recover damages for personal injuries, the defendants Modular Building Concepts, Inc., and Kullman Industries, Inc., appeal from so much of an amended order of the Supreme Court, Orange County (McGuirk, J.), dated August 31, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint other than the portions of the third cause of action alleging defective design and failure to warn insofar as asserted against them and denied that branch of

their motion which was for summary judgment for contractual indemnification against the defendant Mark Line Industries of Pennsylvania, Inc., and the defendant Mark Line Industries of Pennsylvania, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint other than the portions of the third cause of action alleging defective design and failure to warn insofar as asserted against it.

Ordered that the amended order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs, who were employed by the Warwick Valley Central School District (hereinafter the School District), alleged that they became ill in 1994 as the result of exposure to mold growth in a modular building where they worked. The defendant Modular Building Concepts, Inc. (hereinafter Modular), arranged for the purchase of the building by the School District, and the defendant Kullman Industries, Inc., was Modular's successor in interest. The defendant Mark Line Industries of Pennsylvania, Inc., manufactured the building in 1986, which consisted of two separate pieces. Some time after the structure's assembly, the School District added a ramp and a porch canopy to the building.

The building, which was used to house a preschool program, was first placed behind the Kings Elementary School and remained at that location from 1986 through June 1990. During this time, there were complaints that the roof and windows leaked and that the siding on part of the building was warped. The School District applied tar and made repairs to the roof, and also caulked around the windows.

In June 1990 the preschool program was relocated out of the modular building due to the expansion of the Kings Elementary School. At that time, the School District split the modular building into two pieces and the two halves were left uncovered and exposed in an open field at the Kings Elementary School site until September or October 1990. Thereafter, the School District reassembled the modular building and placed it at the Pine Island Elementary School in November 1990, where the preschool resumed its operation after being housed at another temporary location.

Once the building was reassembled and stationed at Pine Island, there were still complaints regarding leaks from the roof and around the windows, which were repaired by the School District. The School District also installed a new roof on the modular building in 1993. Although the plaintiffs did not

detect any odors when the building was located behind the Kings Elementary School, the plaintiffs complained of various unpleasant odors once the building was placed at the Pine Island site.

In the summer of 1994, a School District contractor drilled into the wall of the modular building to install an alarm system, causing the release of an odor so strong that the entire staff and student body were forced to evacuate the premises and not return.

In their complaint, the plaintiffs alleged causes of action alleging negligence, various violations of government statutes, codes, and regulations, and strict liability in tort.

Contrary to the defendants' contentions, the motion court properly denied in part the motions for summary judgment dismissing the complaint, as the defendants did not make a prima facie showing of entitlement to judgment as a matter of law. The defendants failed to present any expert testimony to support their argument that the building modification was the proximate cause of the mold growth and the plaintiffs' injuries. Therefore, the denial of summary judgment was appropriate, as factual issues exist as to whether the modification was the proximate cause of the mold growth and the plaintiffs' injuries (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

Inasmuch as a jury could find that the defendants Modular and Kullman were negligent, the motion court properly determined that the contractual indemnity clause would be unenforceable pursuant to General Obligations Law § 5-322.1 (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172). O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.