*657 OPINION OF THE COURT
Memorandum.
 The appeal by K. W. Construction Corp. (K. W.) as against Serge Elevator Company (Serge) is dismissed, with costs, on the ground that K. W. is not a party aggrieved by so much of the order as granted K. W. a new trial against Serge. On K. W.’s appeal as against A & M Wallboard, Inc. (A & M), the order of the Appellate Division should be reversed, with costs, and judgment granted in favor of K. W. against A & M.
Sean O’Connor was employed by A & M, a subcontractor hired to install drywall at a 32-story construction project in Manhattan. Serge was the subcontractor responsible for installing the building’s elevators. O’Connor was injured one day when he was struck by one of Serge’s elevators while leaving his workplace for lunch.
O’Connor brought suit against Serge and K. W., the general contractor. K. W., in turn, sought recovery from Serge and A & M under their respective contracts’ indemnity clauses.
At trial, O’Connor prevailed on his claim against K. W. The trial court, however, dismissed K. W.’s indemnity actions against both Serge and A & M. The Appellate Division modified by reinstating K. W.’s cross claim against Serge and remanding for a new trial on that issue. K. W. now appeals to this court.
K. W.’s appeal insofar as it relates to Serge should be dismissed. K. W. was unable to obtain the full relief it sought — judgment for indemnification as a matter of law — but it was granted a new trial. In these circumstances, K. W. is not aggrieved by the order (see Lee v Gander, 271 NY 568) and, hence, it is not authorized to take an appeal from that order (see CPLR 5511; Cohen and Karger, Powers of the New York Court of Appeals, § 91, p 394).
The indemnity clause in A & M’s contract included personal injuries “arising out of the work which is the subject of this contract”, regardless of whether caused by A & M, K. W., or others. The contract could not be performed, of course, unless A & M’s employees could reach and leave their workplaces on the job site. The instant injuries, *658 occurring during such a movement, must be deemed as a matter of law to have arisen out of the work. Thus, K. W. was entitled to indemnity from A & M.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
On appeal as against Serge Elevator Co.: Appeal dismissed, with costs.
On appeal as against A & M Wallboard, Inc.: Order reversed, with costs, and judgment granted in favor of appellant against A & M Wallboard, Inc.