■ HOWARD SAPPER et al., Plaintiffs, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants. LOWY AND DONNATH, Third-Party Defendant-Respondent and Second Third-Party Plaintiff-Respondent; MORELL BROWN CONTRACTORS, INC., Second Third-Party Defendant-Respondent.—Judgment, denominated an order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about July 31, 1992, declaring that General Obligations Law § 5-322.1 as amended in 1981 is applicable to a contract executed on July 15, 1980 containing an indemnification clause, unanimously reversed, on the law, without costs, and it is hereby declared that the contract is governed by the provisions of the statute in effect at the time the contract was executed.

On July 15, 1980, defendant Turner Construction Company entered into a contract with third-party defendant Lowy and Donnath (hereafter Lowy) for the performance by Lowy of the electrical work in the construction of a building at defendant St. Vincent's Hospital. The contract provided as here pertinent that Lowy assumed responsibility for injuries to any persons arising out of performance of the electrical work, and that "[e]xcept to the extent, if any, expressly prohibited by statute," Lowy agreed to indemnify Turner for liability arising out of injuries sustained by a Lowy employee during performance of the contract.

In the course of his employment with Lowy, plaintiff Howard Sapper was injured on September 16, 1981 when he slipped from a ladder. Plaintiffs alleged that defendants St. Vincent's Hospital and Turner failed to properly inspect and

maintain the ladder. Defendants impleaded Lowy, and Lowy commenced a second third-party action against Morell Brown Contractors, Inc. alleging that it had created a slippery condition which caused the accident. In the course of settlement negotiations the defendants and third-party defendants could not agree as to whether the contract was to be governed by the provisions of General Obligations Law § 5-322.1 existing at the time of the execution of the contract, or whether it was governed by the statute as amended effective August 30, 1981, seventeen days before the accident. Lowy made a motion for partial summary judgment declaring that the 1981 amendment was applicable, which motion was joined by Morell Brown, and Turner and St. Vincent's opposed, seeking a determination that the contract was governed by the statutory provisions in effect at the time of the contract's execution. The IAS Court agreed with Lowy and Morell Brown that General Obligations Law § 5-322.1 as amended in 1981 was applicable. We now reverse.

General Obligations Law § 5-322.1 (1) as originally enacted, and in effect on July 15, 1980 when the contract was executed, provided that any agreement in a construction contract "purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the *sole negligence of the promisee* * * * is against public policy and is void and unenforceable" (emphasis added). Since the statute spoke in terms of "sole negligence," the courts construed it to render indemnification clauses invalid only to the extent that they purported to indemnify a promisee (usually the owner or general contractor) for damages it alone had caused, while indemnification was still permitted in cases of joint fault *(see, Quevedo v City of New York,* 56 NY2d 150, 155-156). In 1981 the Legislature amended section 5-322.1 (1) by eliminating the "sole negligence" language and substituting language rendering void and unenforceable agreements purporting to indemnify or hold the promisee harmless against liability for damages "contributed to, caused by or resulting from the negligence of the promisee * * * whether such negligence be in whole or in part" (L 1981, ch 964, § 1; *see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 180).

Determination of the issue raised on this appeal requires application of the following canons of statutory construction. "Generally, an amendment [to a statute] will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it shall receive a

contrary interpretation." (McKinney's Cons Laws of NY, Book 1, Statutes, § 52.) Here, the amendment does not clearly indicate prospective application, and it seems pertinent to our determining the Legislature's intent that when the statute was first enacted in 1975, it explicitly provided that its provisions "shall only apply to covenants, promises, agreements or understandings in * * * a contract or agreement * * * *entered into on or after* the thirtieth day next succeeding the date on which it shall have become a law." (General Obligations Law § 5-322.1 [2] [emphasis added].)

Thus, with respect to the remedial effect sought to be accomplished by the original statute, the courts were directed to look to the date of execution of the agreement, and not the date of an accident occurring subsequent to the statute's effective date. This was consistent with the canons of construction set forth in McKinney's Consolidated Laws of NY, Book 1, Statutes § 53 ("A statute generally will not be applied retroactively where it would deprive one of a substantial right, or affect antecedent rights") and § 54 (a) ("Remedial statutes constitute an exception to the general rule that statutes are not to be given a retroactive operation, but only to the extent that they do not impair vested rights"). At the time the instant contract was entered into, the law permitted indemnification of the promisee in cases of joint fault. The parties entered into the contract containing specific terms, including price, obviously based upon the law as it then existed, and they presumably protected themselves from assumed liabilities by way of insurance based upon the limitation on indemnification agreements then existing. Retroactive application of the statute in this case would substantially alter the vested contractual rights of Turner and St. Vincent's Hospital, and might impose unanticipated liability exposure upon those parties and their insurers *(see, Weiler v Dry Dock Sav. Inst.,* 258 App Div 581, *affd* 284 NY 630; *Huskission v Sentry Ins.,* 123 AD2d 832).

Finally, we observe that the remedial purpose of the statute, to eliminate bidding conditions requiring subcontractors to assume liability for their contractors' negligence, which limited bidding to those subcontractors able to obtain and afford the necessary hold harmless insurance *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d, *supra,* at 180), would not be accomplished by retroactively applying the 1981 amendment to contractual indemnification obligations undertaken in 1980. To the extent that dictum in *Walsh v Morse Diesel* (143 AD2d 653 [2d Dept 1988]) suggests that the 1981 amendment applies

to indemnification agreements in cases where injuries are sustained after the effective date of the amendment, we decline to follow it. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.