OPINION OF THE COURT
Alfred J. Weiner, J.
On March 10, 2003 plaintiff was injured as a result of a slip and fall on property owned by the County of Rockland. At the *898 time of the accident, plaintiff was employed as a cleaner by third-party defendant Allshine, C.S., Inc. and was engaged in cleaning buildings at the county-owned Yeager Health Center. These actions arose from that incident.
The first action, for personal injuries sustained by plaintiff, was tried before a jury that determined there was no liability on the part of defendant County of Rockland for plaintiffs injuries. The third-party breach of contract action by the County of Rock-land against AJIshine was severed since it was not an issue for determination by a jury.
It is the County’s contention in the third-party action that it is entitled to have Allshine pay its defense costs pursuant to the terms of a written agreement it signed with Allshine.
Allshine opposes the County’s demand for payment of its defense costs and requests that the County’s complaint be dismissed. Allshine makes two arguments in support of its request.
First, it contends, that in order for it to be responsible for the County’s defense costs, the agreement must unambiguously require Allshine to indemnify the County “even in the absence of liability by the County.”* Allshine contends that its contract with the County is ambiguous and, since an indemnification provision in a contract is to be strictly construed, the ambiguity must be construed against the County as drafter of the agreement.
Secondly, Allshine contends its indemnity is limited to claims “arising out of or resulting from, [its] activities.” Allshine contends that since the jury returned a verdict in favor of the County in the personal injury action, it would be speculative to assert that the incident (plaintiffs slip and fall) arose out of the “activities” of Allshine.
Paragraph 7 of the October 4, 2002 agreement between the County and Allshine reads as follows:
“INDEMNIFY AND HOLD HARMLESS: The CONTRACTOR agrees to defend, indemnify and hold harmless COUNTY and its respective officers, employees and agents from and against all claims, actions and suits and will defend the COUNTY and its respective officers, employees and agents, at its own cost and no cost to the COUNTY, in any suit, action or claim, including *899 appeals, for personal injury to, or death, of any person, or loss or damage to property arising out of, or resulting from, the activities or omissions of CONTRACTOR. These indemnification provisions are for the protection of the COUNTY and its respective officers, employees and agents only and shall not establish, of themselves, any liability to third parties. The provisions of this section shall survive the termination [of] this agreement.” (Emphasis added.)
The County interprets that clause as requiring Allshine, as contractor, to generally defend and indemnify the County, while Allshine interprets that same provision as requiring Allshine to defend and indemnify only if the County is found liable.
The indemnification clause in the contract between the County and Allshine is written in broad terms. In it, Allshine agreed to “defend” the County as well as “indemnify and hold [the County] harmless” from and against all claims, actions and suits. Additionally, Allshine further agreed to “defend the COUNTY ... at its own cost and at no cost to the COUNTY, in any suit, action or claim, .... arising out of, or resulting from, the activities ... of CONTRACTOR (Allshine).”
Patently, the unmistakable intent of the clause was to broaden Allshine’s liability under common-law rules of implied indemnity. The contract states, in clear and unmistakable language, that Allshine has three distinct obligations: (1) to defend, (2) to indemnify, and (3) to hold harmless. The contract sets forth no preconditions to Allshine’s obligation — not even a finding of negligence — only that the “claim,” “action” or “suit” must arise out of Allshine’s work — its “activities.” There can be no other reasonable interpretation.
In this instance, plaintiff, was at the County-owned facility in the furtherance of his employment with Allshine. Testimony at trial established that plaintiffs injury occurred during the time he was working for his employer. Allshine’s contract with the County could not be performed unless the plaintiff was at the workplace. It must be deemed, as a matter of law, that plaintiffs accident arose out of Allshine’s work, i.e., its “activities.” Consequently, the court finds, that by its terms, the clause obligates Allshine and the County was entitled to Allshine’s defense of plaintiffs claim (O’Connor v Serge El. Co., 58 NY2d 655 [1982]).
*900 The court has considered Allshine’s other arguments and finds them unavailing.
Accordingly, the County is granted judgment against Allshine for the costs of its defense.

 Oct. 23, 2006 affirmation of Sim Shapiro, para 5.