(June 26, 2007)

■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ROBERT CROTEAU et al., Plaintiffs, v A.C. AND S. et al., Defendants, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and TREADWELL CORPORATION, Appellant. [838 NYS2d 76]—

Order, Supreme Court, New York County (Helen E. Freed-

man, J.), entered September 15, 2005, which, inter alia, granted the motion of defendant Consolidated Edison for judgment over against defendant Treadwell Corp. for indemnification, unanimously affirmed, without costs.

The issue presented here is whether Con Edison has established its entitlement to contractual indemnification against Treadwell. The underlying personal injury action was brought by plaintiff Robert Croteau and his wife against various defendants, including Treadwell, his employer, and Con Edison, owner of two of the sites where Croteau worked. At trial, it was found that as a result of exposure to asbestos at various work sites over the years, Croteau contracted mesothelioma. Treadwell had been hired by Con Edison to erect equipment at various powerhouses in the New York City area, including the Bowline Point Generating Station and two projects at Astoria Powerhouse Unit 6, and Croteau was employed by Treadwell on all three projects. Croteau also performed work for Treadwell at projects for the Long Island Lighting Company at the Northport Powerhouse, work unconnected with Con Edison, but which was also covered by the lawsuit.

The jury found Con Edison 34% negligent (17% at each site), and Treadwell 4% negligent, with the balance of the liability apportioned among 23 other defendants. The interrogatories given to the jury did not ask for allocation of Treadwell's negligence to particular work sites.

In its posttrial motion for a judgment of indemnification against Treadwell for the sums it paid to Croteau, Con Edison relied upon both common-law indemnification and the indemnification provisions of its three contracts with Treadwell. The motion court properly found that Con Edison was not entitled to common-law indemnification because the jury found Con Edison had controlled the various work sites and committed common-law negligence (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]). The court went on to grant Con Edison indemnification in reliance on the terms of the Astoria Unit 6 steam generating contract between Con Edison and Treadwell, which provided that Treadwell would indemnify Con Edison "from and against any and all liability for injury to person or property occasioned, prior to commercial operation of the Steam Generating Unit, wholly or in part, by any act or omission of" Treadwell. Accordingly, the language of the contract required Treadwell to indemnify Con Edison if Croteau's injury was occasioned, even in part, by an act or omission of Treadwell at the Astoria site.

The finding of negligence against Con Edison does not, in

itself, preclude Con Edison from obtaining indemnification from Treadwell. The subsequent enactment of General Obligations Law § 5-322.1 in 1975 has no retroactive applicability to this situation (*see Sapper v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 190 AD2d 549, 551 [1993]), and the common law as it existed prior to the enactment of that statute did not necessarily preclude the enforcement of contract provisions imposing on contractors an obligation to indemnify another against that party's negligence (*see County of Onondaga v Penetryn Sys.*, 84 AD2d 934 [1981], *affd* 56 NY2d 726 [1982]).

Treadwell relies on the then-prevailing rule that "contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms" (*Thompson-Starrett Co. v Otis El. Co.*, 271 NY 36, 41 [1936]), or if "that appears to have been the unmistakable intent of the parties" (*Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456 [1966]). It argues that the necessary language showing an unequivocal intent to have Treadwell indemnify Con Edison against its own negligence was not contained in this contract. However, the Court of Appeals has also held that broad indemnification clauses purporting to apply to "any and all liability" should be construed as meaning what they say, by allowing them to cover "any and all" liability on the part of the person being indemnified (*see Levine v Shell Oil Co.*, 28 NY2d 205, 211 [1971]). Indemnification provisions have been enforced, despite negligence on the part of the party being indemnified, where the provision stated that they applied to "any and all claims, suits, loss, cost and liability" (*id.* at 210) or "any and all damage or injury of any kind" (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]), although they made no mention of negligence on the part of the party being indemnified.

The language in the Astoria Unit 6 steam generating contract providing that Treadwell would indemnify Con Edison "against any and all liability for injury to person or property occasioned . . . wholly or in part, by any act or omission of" Treadwell, is similar to that considered in such cases as *Levine, Kurek* and *Margolin*, and was properly interpreted as broad enough to permit indemnification, even in the face of negligence on the part of Con Edison.

The language of the indemnification provisions in the other two contracts raises other issues when analyzing whether they, too, may be interpreted to reflect an unmistakable intent to indemnify Con Edison even against its own negligence. The Astoria Unit 6 Condenser contract's specific exception for injuries caused by the negligence of Con Edison clearly militates

against a finding of an intent for Treadwell to indemnify Con Edison under those circumstances. However, inasmuch as one of the Astoria Unit 6 contracts requires that Treadwell indemnify Con Edison for injuries at the site, the inapplicability of the other contract seems immaterial.

The Bowline contract broadly obligated Treadwell to indemnify Con Edison for all liabilities "claimed to be caused, occasioned or contributed to in whole or in part by reason of any act, omission, fault or negligence whether active or passive" on the part of Treadwell. However, the provision then goes on to carve out an exception that Treadwell's indemnity agreement "shall not be applicable to any liability caused by the *sole active* negligence of" Con Edison (emphasis added). Under the standard canon of contract construction expressio unius est exclusio alterius, that is, that the expression of one thing implies the exclusion of the other (Black's Law Dictionary 602 [7th ed]), the provision's narrow exclusion for liability based upon Con Edison's sole active negligence must clearly be understood to mean that otherwise, where the liability is *not* the result of the *sole active negligence* of Con Edison, the indemnification provision remains applicable. Consequently, the indemnification provision in the Bowline contract must be understood as intended to apply under the circumstances presented here.

Treadwell also argues that in the absence of a finding by the jury as to the site or sites at which its negligence occurred, the finding of negligence against it could have been solely attributable to its actions at the Northport powerhouse rather than its conduct at the Con Edison sites. It therefore reasons that it was error to hold as a matter of law that Con Edison's liability was occasioned, even in part, by an act or omission of Treadwell.

However, the failure to obtain from the jury an allocation of Treadwell's negligence among the various sites at which it worked does not preclude the award of indemnification. Since the reference in the indemnification provisions to "any act or omission" did not specify that the act or omission must have constituted negligence, the triggering of Treadwell's obligation to indemnify "was not contingent upon proof that [Treadwell] had been negligent" (*Keena v Gucci Shops*, 300 AD2d 82, 82 [2002]).

Treadwell's actions, whether or not they formed the basis for the finding of negligence, were sufficient for application of the indemnification clause. It is undisputed that Croteau's supervisors at Treadwell directed his work *in every respect* at the Con Edison sites; this certainly included such details as directing his work involving the use of asbestos-containing materials, and

failing to either furnish devices to protect him against asbestos fibers or even warn him of the hazard. Whether or not these acts constituted the basis for the jury's negligence finding against Treadwell, its acts or omissions as Croteau's employer and sole supervisor unquestionably "occasioned . . . wholly or in part" (as the Astoria Unit 6 steam contract requires), or "occasioned or contributed to in whole or in part" (as the Bowline contract requires), Croteau's injuries (*cf. O'Connor v Serge El. Co.*, 58 NY2d 655, 657-658 [1982]; *Torres v Morse Diesel Intl., Inc.*, 14 AD3d 401, 403 [2005]).

Finally, findings of negligence on the part of other parties present at the work sites do not alter Con Edison's entitlement to indemnification against Treadwell. Treadwell was Croteau's employer and sole supervisor at both Con Edison sites, with a duty to protect its employees against hazardous substances, and it had agreed to indemnify Con Edison against any and all liability occasioned by its failure to perform this duty, no matter what the sources of the asbestos might have been. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.