■ THE TRAVELERS INDEMNITY COMPANY, Respondent, v ORANGE AND ROCKLAND UTILITIES, INC., Appellant, et al., Defendants. THE TRAVELERS INDEMNITY COMPANY, Appellant, v ORANGE AND ROCKLAND UTILITIES, INC., Respondent, et al., Defendants. [905 NYS2d 11]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 19, 2009, which granted defendant insured's motion for partial summary judgment on the issue of late notice and denied plaintiff insurer's motion for partial summary judgment, unanimously reversed, on the law, without costs, defendant's motion denied, and plaintiff's motion granted to declare denial of coverage on the basis of untimely notice. Order (same court, Justice and entry date), which granted plaintiff's motion for partial summary judgment to exclude certain coverage based on the pollution exclusion in the policy, unanimously modified, on the law, the motion denied as to the 1970 policy and sites other than Nyack, and otherwise affirmed, without costs.

Defendant did not give timely notice under the policy, which is a requirement for coverage (*Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239-240 [2002]). Defendant's ongoing contacts with environmental regulators about the Nyack site dated back to 1981, and there was even a site inspection by the Environmental Protection Agency in 1985, yet defendant never provided any notice to its insurer of these contacts or the questions they raised until 1995. Defendant's argument that it never had actual notice of any pollution was insufficient. The many reports, including internal reports of a likelihood of contamination at the subject site, as well as inquiries from regulators, placed it on notice. Its willful failure to investigate negates any lack of awareness of an occurrence of pollution (*see Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 75

[1989]). The court mistakenly held defendant to the much more lenient standard for the timing of notice applicable in excess insurance cases. The standard with regard to a primary liability policy, such as involved here, is simply awareness of a reasonable possibility that the policy will be implicated (*Paramount*, 293 AD2d at 239-240).

Similarly, the court erred in holding that plaintiff waived its right to disclaim for late notice simply as a result of the passage of time. Contrary to the court's assumption, Insurance Law § 3420 applies only to claims for death and bodily injury (*Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 582 [1999]), and not to pollution insurance.

Between 1971 and 1982, a provision of the Insurance Law then in effect (former Insurance Law § 46) excluded liability coverage for pollution other than claims based on "sudden and accidental" discharges. The court properly applied that exclusion for all policies issued during that period (*see Maryland Cas. Co. v Continental Cas. Co.*, 332 F3d 145, 159-160 [2d Cir 2003]). We do not find persuasive defendant's argument that plaintiff waived the "benefit" of the statute by issuing policies in contravention of its terms. Section 46 did not confer any benefit or right on insurers, but rather was intended to impose a penalty on polluters like the insured herein. The court correctly concluded that defendant failed to meet its burden of establishing that the pollution complained of was caused by "sudden and accidental" discharges (*Borg-Warner Corp. v Insurance Co. of N. Am.*, 174 AD2d 24, 30 [1992], *lv denied* 80 NY2d 753 [1992]). While its longtime employee testified that there were many accidental spills during routine operations, this was not sufficiently definite as to quantity, nature or effect of these spills to prove they fell outside the exclusion.

However, the court erred in applying the section 46 exclusion to the policy issued in 1970, prior to enactment of the short-lived statute, since a contract generally incorporates the state of the law in existence at the time of its formation (*see People ex rel. Platt v Wemple*, 117 NY 136, 148-149 [1889], *appeal dismissed* 140 US 694 [1890]). It also erred in granting plaintiff summary declaratory relief as to other sites,* in light of plaintiff's concession that the court's ruling on the issue of the statutory pollution exclusion be limited to the Nyack site. Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31862(U).]**

---

* Seven are enumerated in the court's order and plaintiff's show cause order, although only six of them are listed in the complaint.