■ FRANCA FERRARI, Respondent, v IONA COLLEGE et al., Appellants. [943 NYS2d 526]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 4, 2011, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint for failure to state a claim and based upon documentary evidence, unanimously reversed, on the law, with costs, and defendants' motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff's breach of contract claim should have been dismissed, as the documentary evidence conclusively establishes that plaintiff's termination from her employment as an assistant professor at defendant Iona College did not breach her contract with Iona or the provisions of Iona's Faculty Handbook, which were incorporated by reference into the contract (*see* CPLR 3211 [a] [1]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Indeed, the Faculty Handbook and the cover letter that accompanied the contract make clear that the "Assistant Professor" position was a probationary, tenure-track position. Further, section 5.1.2 of the Handbook plainly states that "non-tenured full-time faculty" are "ordinarily terminated by non-renewal of the contract in force," which is consistent with the contract's express provisions that it was entered into for a single academic year and could be terminated by written notice, either at the end of its term on June 30, 2009, or prior to December 15, 2008, which occurred here.

Contrary to plaintiff's contention, the phrase "appointment with tenure" in sections 5.3 and 5.4 of the Handbook does not encompass "tenure-track appointments." Rather, the plain meaning of "with tenure" encompasses only tenured faculty. Accordingly, the added protections for tenured faculty set forth in the Handbook do not apply to plaintiff. Additionally, the contract itself expressly provides for its own termination by written notice in the manner followed here by defendants, consistent with section 5.1.2 of the Handbook. To construe the Handbook phrase "appointment with tenure" as including tenure-track assistant professors would render the contract's termination provisions meaningless—a result that should be avoided (*see Acme Supply Co., Ltd. v City of New York*, 39 AD3d 331, 332 [2007], *lv denied* 12 NY3d 701 [2009]; *HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 253 [2001]).

Plaintiff's fraud claim, based on an alleged oral agreement to extend plaintiff's employment for an additional year in the event Iona decided not to renew her appointment, should also have been dismissed. The alleged oral agreement conflicts with the terms of the parties' contract, which was signed after the alleged oral promise and, together with the Faculty Handbook, is a complete written instrument. Accordingly, the alleged oral agreement is unenforceable (*see Braten v Bankers Trust Co.*, 60 NY2d 155, 162 [1983]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.