Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 12, 2012, which, to the extent *599 appealed from as limited by the briefs, granted defendant DLJ Mortgage Capital, Inc.’s motion to dismiss so much of the complaint’s first and second causes of action as demand rescissory damages, consequential damages and fees, based on its determination that plaintiffs’ remedies are limited by the pooling and servicing agreement’s “sole remedy” clause, unanimously reversed, on the law, without costs, and the first and second causes of action reinstated in their entirety.
The motion court erred in holding that, as a matter of law, the remedy available to plaintiff monoline insurers for breach of defendant’s representations and warranties under the pooling and servicing agreement is limited to cure of the breach or the substitution or repurchase of the particular securitized loan. While their remedy, as certificate insurer, for breach of other provisions of the agreement is so limited (e.g, § 2.02 [b] [governing mortgage documentation]), the certificate insurer is not one of the parties affected by the “sole remedy” clause of the representations and warranties provision (§ 2.03 [c]).
As the Court of Appeals has observed, “The best evidence of what parties to a written agreement intend is what they say in their writing” (Slamow v Del Col, 79 NY2d 1016, 1018 [1992]). Where, as here, a contract is the result of negotiations between sophisticated business entities assisted by experienced counsel, failure to include a particular party, here the certificate insurer, among those governed by a contract provision can only be construed as the intentional exclusion of that party from its application (see Matter of New York City Asbestos Litig., 41 AD3d 299, 302 [1st Dept 2007]). Nor are plaintiffs’ remedies restricted by section 13.01 of the agreement, comprising merely acknowledgment of the certificate insurer’s right to exercise the rights of the certificate holders without their further consent.
In view of this disposition, it is unnecessary to reach plaintiffs’ alternative argument that the sole remedy clause does not apply to their claim for breach of defendant’s obligation to repurchase certain mortgages. Concur — Tom, J.E, Saxe, Moskowitz, Gische and Clark, JJ.