■ TRAVELERS INDEMNITY COMPANY, Respondent, v ORANGE AND ROCKLAND UTILITIES, INC., et al., Appellant, et al., Defendants. [1 NYS3d 56]—

Orders, Supreme Court, New York County (Eileen Bransten, J.), entered July 18, 2013, which granted plaintiff Travelers Indemnity Company's (Travelers) motion for summary judgment seeking a declaration that it is not required to provide coverage to defendant Orange and Rockland Utilities (ORU), based on ORU's failure to provide timely notice of the occurrences for which it sought coverage, and denied ORU's motions for partial summary judgment seeking a declaration that Travelers breached its duty to defend ORU with respect to the clean up of hazardous waste sites, unanimously modified, on the law, to declare that Travelers is not required to provide coverage to ORU and has no duty to defend ORU with respect to the hazardous waste sites at issue, and otherwise affirmed, without costs.

As this Court has already noted in connection with another site owned by defendant, defendant did not give timely notice under the policies, which was a requirement for coverage (see 73 AD3d 576 [1st Dept 2010], lv dismissed 15 NY3d 834 [2010]). Defendant's argument that it never had actual notice of any pollution was insufficient. The record abounds with documents demonstrating that pollution likely existed at each of the sites considered herein. These documents, along with repeated interactions with both state and federal regulators, were suf-

ficient to place defendant on notice. Moreover, defendant's willful failure to investigate, i.e., its apparent strategy of waiting to be directed by the appropriate regulatory agencies to investigate the sites and remediate pollution, despite the overwhelming evidence of potential contamination, negates its contention of a lack of awareness of the pollution (*id.* at 576-577).

We have considered the remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Richter and Clark, JJ.