■ FRED SALERNO, Appellant, v COACH, INC., Respondent. [39 NYS3d 791]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about April 10, 2015, which, inter alia, granted defendant employer's motion to dismiss the action brought by its former employee, on the ground it was barred by a general release executed by the parties on or about September 11, 2013, unanimously modified, on the law, to deny the motion as to the housing allowance claim, and otherwise affirmed, without costs.

Contrary to plaintiff's argument, the disputed language of the parties' posttermination separation agreement provided in plain and unambiguous terms that any form of compensation previously paid to plaintiff, even if accrued and unpaid at the time of plaintiff's termination, would be deemed waived and discharged if not specifically mentioned within the agreement as a continuing obligation for the employer to satisfy, and was properly enforced, in accordance with its terms, by the motion court. The agreement had provided for plaintiff to receive 26 weeks of severance payments evidently in lieu of certain forgone accrued compensation benefits. Plaintiff's interpretation of a disputed phrase within a provision of the agreement was distorted and out of context with the language in that provision (*see Bank of N.Y. Mellon v WMC Mtge., LLC*, 136 AD3d 1, 6-7 [1st Dept 2015]), and as such, it was appropriately rejected, particularly as it would have rendered certain critical provisions within the agreement meaningless (*see generally Ferrari v Iona Coll.*, 95 AD3d 576 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). To the extent the agreement expressly provided that certain specified compensation that had accrued was to be paid by the employer, to the exclusion of other compensation obligations alleged to be owing, the doctrine of expressio unius est exclusio alterius appropriately applies as a tool of contract construction (*see UMG Recs., Inc. v Escape Media Group, Inc.*, 107 AD3d 51, 58-59 [1st Dept 2013]).

Insofar as the agreement expressly provided for a housing allowance, and plaintiff avers he was not fully paid such benefit, such claim survives this CPLR 3211 motion to dismiss. Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.