Sunun v Klein (2020 NY Slip Op 06471)





Sunun v Klein


2020 NY Slip Op 06471


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 111995/11, 590721/12, 590163/13 Appeal No. 12363 Case No. 2020-01042 

[*1]Enrique Sunun, Also Known as Enrique Garcia Sunun, Plaintiff-Respondent-Appellant,
v
Beth Klein, et al., Defendants-Appellants-Respondents, T. Collins Electrical Contracting Corp., Defendant-Respondent.
Beth Klein, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Cedar Design, Inc., Third-Party Defendant-Respondent.
Beth Klein et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
T. Collins Electrical Contracting Corp., Second Third-Party Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Ronai & Ronai, L.L.P., Port Chester (Holly Ostrov Ronai of counsel), for respondent-appellant.
Litchfield Cavo LLP, New York (Dana M. Ricci of counsel), for T. Collins Electrical Contracting Corp., respondent.
Babchik & Young, LLP, White Plains (Matthew C. Mann of counsel), for Cedar Design, Inc., respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered September 24, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim to the extent based on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(b)(1)(i) and 23-4.2(i), denied plaintiff's motion for partial summary judgment on those claims, denied defendants Beth Klein and Fountainhead Construction Inc.'s motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against Fountainhead and on their contractual indemnification claims against third-party defendant Cedar Design, Inc., and granted Cedar's motion for summary judgment dismissing those contractual indemnification claims, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, deny defendants' motions for summary judgment dismissing that claim, grant Klein and Fountainhead's motion for summary judgment on Klein's contractual indemnification claim and on Fountainhead's contractual indemnification claim to the extent of awarding Fountainhead conditional summary judgment, and deny Cedar's motion, and otherwise affirmed, without costs.
Plaintiff was allegedly injured when he stepped on an area of ground that had been excavated to create a trench, and then backfilled with soil, during an earlier phase of the construction project. The area was not guarded after it was backfilled. Plaintiff testified that his leg sank into the ground up to the middle of his thigh, and a coworker who was present at the time corroborated that after plaintiff was extracted from the hole, there was mud present on his leg that rose above the level of plaintiff's knee. Plaintiff's expert opined that the trench had been filled with insufficiently dense or compactable soil and that the risk that such soil would become soft and would settle was exacerbated by rainfall on three days that included the night before the accident.
It is undisputed that no safety devices were provided to plaintiff to protect him against the gravity-related risk of descending a significant distance into the trench. Thus, plaintiff established prima facie his entitlement to partial summary judgment on the Labor Law § 240(1) claim (see Demetrio v Clune Constr. Co., L.P., 176 AD3d 621 [1st Dept 2019]). The elevation differential between the ground level and the lower level to which plaintiff's foot and leg sank is analogous to the risk that a worker standing on a platform on a body of water would fall into the water, which we have found to be covered by Labor Law § 240 (see Pipia v Turner Constr. Co., 114 AD3d 424, 426-427 [1st Dept 2014], lv dismissed 24 NY3d 1216 [2015]). Defendants failed to submit evidence that no safety devices could have prevented the accident (see Demetrio, 176 AD3d at 622).
In light of the foregoing, we need not address the Labor Law § 241(6) claim (see Pipia, 114 AD3d at 427).
Fountainhead's motion for summary dismissal of the Labor Law § 200 and common-law negligence claims as against it was correctly denied as it failed to eliminate all issues of fact as to whether a reasonable inspection of the backfilled trench would have revealed the hazardous condition and whether it conducted such an inspection (see Bean v Ruppert Towers Hous. Co., 274 AD2d 305, 308 [1st Dept 2000]).
The injuries plaintiff sustained while employed by Cedar on the site triggered the provision of Cedar's subcontract with Fountainhead requiring Cedar to indemnify Fountainhead and Klein for any liability for personal injuries arising out of or resulting from the work performed by Cedar or its employees under the subcontract (see O'Connor v Serge El. Co., 58 NY2d 655 [1982]). Pursuant to the indemnification provision of the subcontract, Fountainhead is conditionally entitled to contractual indemnification from Cedar, pending a determination of whether the accident was caused by Fountainhead's negligence (see Gonzalez v G. Fazio Constr. Co., Inc., 176 AD3d 610 [1st Dept 2019]). Klein is unconditionally entitled to indemnification from Cedar, as the Labor Law § 200 and common-law negligence claims were dismissed as against her.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020