Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C. (2025 NY Slip Op 01182)

Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C.

2025 NY Slip Op 01182

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 656312/22|Appeal No. 3784|Case No. 2024-00372|

[*1]Samsung Electronics Co., Ltd., Plaintiff-Respondent,
v
MPEG LA, L.L.C., Defendant-Appellant.

Sullivan & Cromwell LLP, New York (Garrard R. Beeney of counsel), for appellant.
William B. Adams, New York, for respondent.

Appeal from order, Supreme Court, New York County (Melissa A. Crane, J.), entered December 20, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's breach of contract claim, found that the other licensors to the agreement among licensors were not necessary parties to this action, and granted plaintiff's motion for summary judgment on its breach of contract claim, deemed appeal from judgment, same court and Justice, entered April 11, 2024 (CPLR 5520[c]), inter alia, awarding plaintiff money damages and, as so considered, the judgment unanimously affirmed, without costs.
Plaintiff and 22 other licensors entered into an agreement among licensors (AAL) regarding the High Efficiency Video Coding (HEVC) standard. The parties to the AAL granted defendant a nonexclusive license under all HEVC essential patents, which defendant could then sublicense to others. On the same day that the licensors entered into the AAL with each other, they entered into a licensing administrator agreement (LAA) regarding the HEVC standard with defendant, in which defendant agreed to collect and distribute royalties to the licensors.
In February 2020, plaintiff exercised its termination rights under the AAL and LAA. The instant dispute arose when, post-termination, plaintiff received less royalties than it had in preceding quarters. Defendant informed plaintiff that in June 2020, an amendment to the AAL had been approved that, in effect, reduced the royalties plaintiff was entitled to as a terminating party to the AAL.
The court properly granted plaintiff's motion for summary judgment on its claim that defendant had breached the LAA by paying plaintiff only 50% of the royalties to which it would have been entitled absent the June 2020 amendment to the AAL. At the time of the vote for the proposed amendment, the then-CEO of defendant asked the licensors to reply privately to him and told them that a licensor's failure to reply by a specified deadline would be counted as a vote for approval. Plaintiff's contention that "vote" in section 6.1 of the AAL unambiguously means an affirmative vote is correct, and accordingly, silence cannot be deemed consent.
Section 6.1 of the AAL provides that "[a]ny amendments . . . shall require at least a three-fourths . . . vote of the members of the Administrative Committee." In reading the contract "as a whole" (Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]), it is section 6.3, however, that sets out the rule that a failure to object within 14 days constitutes consent to defendant's proposed amended definition of the HEVC standard. Therefore, pursuant to the maxim expressio unius est exclusio alterius, which applies to contracts (see Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014]), "vote" in section 6.1 must mean something other than mere failure to object (see Salerno v Coach, Inc., 144 AD3d 449, 450 [1st Dept [*2]2016]; Waverly Corp. v City of New York, 48 AD3d 261, 264 [1st Dept 2008]; Matter of New York City Asbestos Litig., 41 AD3d 299, 302 [1st Dept 2007]). Moreover, the fact that section 6.1 does not specify the manner of voting does not create an ambiguity (see Donohue v Cuomo, 38 NY3d 1, 13 [2022]). Accordingly, the court correctly determined that the amendment did not have the number of votes required to pass.
In light of the determination that the amendment could not reduce plaintiff's royalties, we reject defendant's argument that the other licensors at the time of the June 2020 amendment are necessary parties to this action as they are not "inequitably affected" within the meaning of CPLR 1001 (see Matter of Castaways Motel v Schuyler,24 NY2d 120, 125 [1969]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025